## GULLY v. GULLY.  (No. 2941.)

(Supreme Court of Texas.  May 18, 1921.)

Divorce ⬤⇒324—Father's liability to maintain child not lost by divorce decree awarding custody to mother without provision for support.

A father, owning an adequate estate, could be required to pay the value of necessaries for his minor children when furnished by the mother, from her own adequate estate, after divorce decree awarding the custody of the children to the mother and failing to provide for their maintenance; the father not being relieved of his primary duty to support the children by a divorce decree which is either silent as to their custody and maintenance or awards their custody to the mother.

Error to Court of Civil Appeals of Sixth Supreme Judicial District.

Action by M. E. Gully against T. R. Gully. From a judgment for plaintiff, the defendant appealed to the Court of Civil Appeals, which reformed and affirmed the judgment (184 S. W. 555), and the defendant brings error. Judgment of the Court of Civil Appeals affirmed.

H. N. Nelson, of Carthage, for plaintiff in error.

Young & Young, of Marshall, for defendant in error.

GREENWOOD, J.  By decree of the district court of Panola county, entered in 1912, defendant in error, Mrs. M. E. Gully, was granted a divorce from plaintiff in error, T. R. Gully, and the custody of their seven minor children.  The decree ordered partition of the community property, including 968.90 acres of land, a sawmill, stocks of lumber and merchandise, 50 bales of cotton, etc., and set aside the homestead of 6.37 acres of land and certain appurtenant personalty for the use of defendant in error and her minor children so long as any one of them was under age or was an unmarried daughter.  The decree adjudged 567½ acres of land, to plaintiff in error as his separate estate.  By appropriate recital the court reserved jurisdiction to make provision for the maintenance of the minors.

In 1913 the court rendered a final judgment partitioning the community property, in accordance with its previous decree, and at the same time the court fixed $100 per month as an allowance for the support, maintenance, and education of the minors, and adjudged that same be paid one-half by defendant in error and one-half by plaintiff in error.

Upon the refusal of plaintiff in error to pay one-half of the minors' monthly allowance, defendant in error applied for and obtained an order of the court directing the sale, in satisfaction of same, of a portion of the community property which had been partitioned to plaintiff in error.  On appeal the order was reversed; the provision for the monthly allowances to the minors being held inoperative and void.  Gully v. Gully, (Civ. App.) 173 S. W. 1178.

Afterwards this suit was brought to recover of plaintiff in error the amount expended by defendant in error subsequent to the decree of divorce for necessaries for the children.  In the trial court defendant in error recovered a judgment for such expenditures as were found to have been reasonable and necessary for the support of the children.  On appeal the Texarkana Court of Civil Appeals reversed this judgment and rendered judgment for defendant in error for one-half the amount recovered in the court below, one of the justices dissenting on the ground that defendant in error ought to have been denied any recovery whatever. Gully v. Gully, 184 S. W. 555.

The judges of the Court of Civil Appeals concurred in the view that the duty rested primarily on the father, during the marriage, to support the minor children.  A majority of the judges concluded that, when the marriage relation was terminated by the decree of divorce with an award of the custody of the children to the mother, then, the duty to provide necessary support for the children rested equally on the father and mother.  The minority judge considered that the duty to support followed the custody and passed to the mother alone.

The assignments here urge that the judgments in the divorce suit dissolving the bonds of matrimony between the husband and wife, awarding the custody of the minor children to the wife, and settling property rights of the husband and wife, had the legal effect to absolve the husband from any obligation to support the children, or to make his obligation secondary to that of the wife, or had the legal effect to at least absolve the husband from any obligation for the children's support which could be enforced otherwise than by further proceedings in the divorce suit.

The judgments in the divorce suit, together with the adjudication of the invalidity of the order for stipulated monthly allowances, had the same effect, in so far as this controversy is concerned, as if the court had simply decreed the divorce and awarded the custody of the children to the mother. Apart from the provision of a homestead and its furnishings, for which no compensation was sought in this action, there is nothing in the judgments not in every judgment of divorce awarding the children to the mother's custody, which could impair the obligation of either parent to support the chil-

dren, except the order for monthly allowances, which was adjudged void.

The truly important question to be decided is whether the father, owning an adequate estate, can be required to pay the value of necessaries for his minor children, when furnished by the mother, from her own adequate estate, after the mother has been divorced from the father, and after the custody of the children has been adjudged to the wife; the decree of divorce failing to provide for the children's maintenance.

The decisions in Texas uniformly recognize and declare that both parents are charged with a natural and legal duty to support their children during minority.

Perhaps the parent's natural duty has nowhere been better stated than by the court, speaking through Judge Brown, in State v. Deaton, 93 Tex. 247, 54 S. W. 903, when he said:

"God, in his wisdom, has placed upon the father and mother the obligation to nurture, educate, protect, and guide their offspring, and has qualified them to discharge these important duties by writing in their hearts sentiments of affection and establishing between them and their children ties which cannot exist between the children and any other persons."

A succinct statement of the parent's legal duty was made in Judge Stayton's opinion in G. H. & H. Ry. Co. v. Moore, 59 Tex. 68, 46 Am. Rep. 265, as follows:

"The parent is under a legal obligation to educate and maintain the child, and it has no legal claim upon others to perform that duty."

Our statutes define a "neglected child" as one who has not proper parental care, and make it a misdemeanor for "any parent" to willfully or without justification neglect or refuse to provide for the support and maintenance of his or her child under the age of 16 years in destitute or necessitous circumstances. Article 2184, R. S.; chapter 101, Acts 33d Leg. (Vernon's Ann. Pen. Code 1916, art. 640a); White's Penal Code, p. 1828.

The court is enjoined, in decreeing a divorce, to respect the rights of the children, in disposing of the estates of both parents. Article 4634, R. S. In order to provide revenues for the maintenance of the children, the interest of each parent in the community property and the separate property of both parents may be utilized, subject alone to the statutory limitation that neither parent be divested of title to realty. Fitts v. Fitts, 14 Tex. 454; Rice v. Rice, 21 Tex. 58. Thus the law regards the right of minor children to maintenance as paramount to the rights of the parents to the use of any and all property belonging to them.

A duty could not be more plainly defined as legal than by providing means for its

enforcement in both civil and criminal courts; and there can be no question about it resting on those against whom it is expressly made enforceable.

Though both parents are under the duty, legal as well as moral, to support and educate their children during minority, the duty rests primarily in this state, without doubt, upon the father.

The court said in Magee v. White, 23 Tex. 192:

"We are of opinion that the law imposes upon the husband the obligation to support his wife and children. If he have separate property, and there is no common property, it cannot for a moment be pretended that his separate property cannot be charged for necessaries for the support of his family. The law recognizes him as the head of his family. It declares that he shall support his children, because every man is under obligation to provide for those descended from his loins. Blackstone."

The doctrine of Magee v. White is reaffirmed as settled law in Hutchinson v. Underwood, 27 Tex. 256.

The father's primary obligation was the necessary foundation of the court's declaration by Chief Justice Hemphill in Rice v. Rice, 21 Tex. 68, that where on divorce the minors were intrusted to the mother, the funds for their support must be furnished by the father, but, where the minors were intrusted to the father, he was bound for their maintenance.

On no other theory than that the legal duty of the father is both primary and continuing can be upheld the settled doctrine in this state that a recovery of damages by a child on account of the death of his father may be sustained for the entire cost of his support until he becomes of age, though the child is in the custody of his mother, by whom he is supported, and though he has no expectation of any voluntary contribution to his support from the father. I. & G. N. R. R. Co. v. Culpepper, 19 Tex. Civ. App. 182, 46 S. W. 923, 925; Taylor v. S. A. Gas & Elec. Co. (Civ. App.) 93 S. W. 675; G., C. & S. F. Ry. Co. v. Delaney, 22 Tex. Civ. App. 427, 55 S. W. 538; G., C. & S. F. Ry. Co. v. Anderson (Civ. App.) 126 S. W. 930; S. A. & A. P. v. Boyed, 201 S. W. 220.

We do not think that a decree of divorce which is either silent as to the children's custody and maintenance or which awards their custody to the mother relieves the father of his primary duty to support the children.

The duty to support a minor child is imposed primarily on the father in the interest of the child. The chief concern of the state is the child's welfare. It is best for

the child to impose the duty in the first instance on the father, because human experience demonstrates that he is best able to perform the duty. It is as much to the advantage of the child that the primary obligation of the father continue after as before the divorce. Being blameless with respect to the fault occasioning the divorce, the child certainly ought not to be thereby deprived of a right of real and continuing value.

We do not feel warranted in adopting the conclusion on which Judge Levy's majority opinion largely rests, that there was no reason save the disability of the mother during coverture for making her duty to support the children secondary at common law. Other weighty reasons may be found in natural differences between the sexes and in the necessity to equalize parental burdens. Who can say that the average mother, inspired by sacrificial love, contributes less to the good of the family than the father, though he performs every paternal duty, including the support of the family, during the marriage, as well as the support of the children, during minority, irrespective of divorce?

The mother's obligation ought not to be made more onerous because the custody of the child is confided to her in promotion of his highest interest; and in no other mode than is plainly indicated by explicit statutes ought important parental duties be subject to change.

The cases upholding the doctrine that a decree of divorce awarding the custody of a child to the mother shifts the duty to maintain the child from the father to the mother appear to be mainly grounded on the view that the right to the custody and services of the child and the duty to support and educate are reciprocal, so that discharge of the duty necessarily follows deprivation of the right.

In order for this view to be sound, the father's duty to the child must rest on advantage to the father, which is the opposite of what we deem the true conception. The real design of the duty is to develop the child as perfectly as possible, physically, mentally, and spiritually. It is to attain the same result that the father is deprived of the child's custody. In the eye of the law the attainment of this result justifies whatever deprivation the father must suffer.

The father's duty is all the more imperative where the child, on account of youth or affliction, renders no services. That is conclusive against the duty being grounded on material benefit to the parent instead of on the need of the child.

In Dunbar v. Dunbar, 190 U. S. 351, 23 Sup. Ct. 757, 47 L. Ed. 1084, it was held that the father's common-law obligation to support his children continued throughout their minority and was enforceable despite the father's discharge in bankruptcy, subsequent to a decree of divorce awarding the custody of the children to the mother.

Most of the reported cases, especially the later cases, sustain the conclusion that a decree of divorce which awards the custody of the child to the mother and makes no provision for the child's support does not terminate the father's duty of maintenance. Evans v. Evans, 125 Tenn. 112, 140 S. W. 745, Ann. Cas. 1913C, 295, and note page 296; note Ann. Cas. 1915D, 813; 19 C. J. 354.

The case of Hall v. Fields, 81 Tex. 558, 17 S. W. 82, presented the question as to whether a constituent of his family survived the father so that his residence homestead was exempt from administration for the payment of the debts against his estate, where the father resided alone on the homestead after being divorced by a decree awarding the custody of his minor children to their mother, who thereafter held the children in her actual custody. It was determined that the minors were nevertheless constituents of the father's family, the court saying that the award of the custody of the children to the mother made no difference in their right to the exemption, for the reason that—

"Their father was still legally bound for their support, and it would be a double misfortune to them to be deprived, on account of the unhappy termination of the marriage of their father and mother, both of their right to the society and protection of the father. * * * They have no home; they are the minor children of a father, the head of a family, who has died leaving a homestead."

It was determined in Speer v. Sykes, 102 Tex. 451, 119 S. W. 86, 152 Am. St. Rep. 896, that the residence of the father continued exempt from execution after the rendition of a decree of divorce, with award of his children to the custody of the wife. In Judge Brown's opinion it is said:

"The fact that the court awarded the custody of the minor children to the wife did not deprive Sykes of his paternal interest in them, nor did it discharge him from his legal and moral obligation to care for and support them. They were still his offspring and a part of his family."

These cases are conclusive that the obligation of the father is not discharged by the loss of the custody of his children. As the head of the family he is primarily responsible for the children's support prior to divorce. Continuing the head of a family,

of which the children remain a part, subsequent to the divorce and the loss of their custody, his primary liability continues.

In determining the duty of the husband to supply necessaries to his children, before or after divorce, it is to be borne in mind that his duty corresponds to his financial ability, having due regard to all his lawful obligations, which may include those assumed to another wife and to other children, and in no event is he liable for food, clothing, attention, or education other than such as is suitable to his and their circumstances in life. Moreover, since we treat his duty as a continuing primary one, the father should not be held liable when he has actually supplied his children with their reasonable necessaries. In a suit to recover the value of necessaries furnished minor children the burden to prove that he has supplied the children with necessaries is on the father. Parsons v. Keyes, 43 Tex. 559.

Again, circumstances may exist under which the father would be entitled to be relieved of his primary obligation, just as the court has already determined that the mother may be entitled to be relieved of her obligation, on adequate equitable considerations. Freybe v. Tiernan, 76 Tex. 290, 13 S. W. 370; Rivers v. Rivers (Civ. App.) 133 S. W. 526.

In pronouncing a decree of divorce, it is within the power of the court to make suitable provision for the maintenance of the children by means of the property of both parents. Where the court has provided for the children's support and education in the decree of divorce, such provision excludes liability therefor otherwise than as ordered by the court rendering the decree.

It is now settled that the power of the court granting a divorce to make suitable provision for the children out of the revenue of the property of the parents is a continuing one, so that complete justice may be done in the light of the varying conditions of the children and of the parents, and the court's continuing authority may be invoked to safeguard the rights of the parents as well as those of the children. Bemus v. Bemus, 63 Tex. Civ. App. 148, 133 S. W. 503; Plummer v. Plummer (Civ. App.) 154 S. W. 598.

Here the court decreeing the divorce did not undertake to provide for the support of the children save in a manner decreed to be void. As the judgment of the Court of Civil Appeals does no more than to partially enforce an obligation resting primarily on plaintiff in error and from which he had not been absolved, and as plaintiff in error alone complains of that judgment, it follows that the judgment should be affirmed; and it is so ordered.

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes