JACKSON, Justice.
The appellant, Lee E. Cooper, a resident citizen of Potter County, Texas, instituted this suit in the district court of said county on May 11, 1937, against his wife, Mabel Cooper, the appellee, who resides in Cascade County, Montana, to obtain a divorce on abandonment alleged to have occurred about May 1, 1933.
The appellee answered by general demurrer, general denial, and by way of cross complaint sought a decree of divorce from appellant and alleged for her causes of action abandonment, adultery and cruel treatment.
She also alleged that since she was deserted by her husband about May, 1934, she had the responsibility of maintaining their two boys and was without means of support and she and they were unable to earn sufficient moneys to maintain themselves ; that she had been compelled to borrow and obligated herself to pay $7,065, all, except $450 which she paid to the state of Montana on a 320 acre tract of land, was expended for necessaries for herself and sons; that after the appellant deserted her, particularly since the spring of 1935, he had been receiving an income from the sale of oil and gas from his interest in the Cooper ranch in .Carson and Hutchinson Counties, Texas, amounting to approximately $1,000 per month; that he had contributed nothing to the support of his family but had himself lived in luxury and bought expensive presents for his various women friends.
The case was submitted to the court without the intervention of a jury and the court rendered judgment that appellant take nothing by his suit, but appellee *270 on her cross action was granted a divorce and the bonds of matrimony theretofore existing between her and appellant dissolved. She was decreed a recovery from him for $7,150.21 borrowed money which had been expended for necessaries; the sum of $2,500 as attorneys’ fees for Underwood and Strickland, her lawyers; 25% of the proceeds he derived from the sale of oil and gas produced from the Cooper ranch until Quinten Cooper reaches twenty-one years of age, and subsequent thereto, 15% of the revenues of such sales so long as appellee remains unmarried; and awarded $250 per month as alimony pending this appeal.
The appellant presents this judgment for review and challenges as error the action of the court denying him a divorce and granting appellee a decree cancelling the marriage relations between him and his wife.
The record discloses that appellant and appellee were married about May 22, 1913, and had two children. The elder boy, Lee E. Cooper, Jr., was born March 29, 1916, and Quinten Cooper, the younger, was born January 2, 1919.
According to the testimony in the record, the trial court was justified in refusing to grant the appellant a divorce on his petition.
The evidence offered by appellee to sustain the allegations of her cross complaint for a divorce is evasive and unsatisfactory. Certainly, had it not been for the corroborating testimony of disinterested witnesses and the admissions of the appellant on the stand, the court would have been justified in refusing to cancel the bonds of matrimony on the cross complaint of appellee. The evidence of herself and the two sons was on many material questions too uncertain and indefinite to have much probative force and this, together with their admitted conduct toward appellant, the circumstances of which we shall refrain from enumerating, convinces us that the only interest any of them had in appellant was to secure the greatest amount of money or property obtainable from his separate estate for their joint and several benefits. In view, however, of the testimony of some disinterested witnesses and the admissions of appellant, we have concluded that the judgment of the trial court granting appellee a divorce was warranted.
The appellant assails as error the action of the trial court in adjudging appellee a recovery of $7,150.21 for necessaries; the sum of $2,500 attorneys’ fees for her lawyers; 25% of the proceeds of the sale of oil and gas from the Cooper ranch until the minor Quinten reaches twenty-one years of age, and subsequent thereto 15% of such revenues to appellee so long as she remains unmarried, and $250 a month as alimony pending the appeal.
In 1910, three years prior to the marriage of appellant and appellee in 1913, he contracted to purchase and did purchase 320 acres of land from the state of Montana on the twenty year payment plan. In 1921 or 1922 he conveyed this 320 acre tract to his. wife and they acquired two other tracts, one of 320 acres and the other of 240 acres, and a great percentage of this 880 acres was tillable land on which they placed improvements of the value of three or four thousand dollars, machinery of the value of several thousand dollars, about 130 head of cattle and five or six head of horses. In 1928 they purchased and had conveyed to' appellee a home in the town of Great Falls, Montana, for the sum of $6,000, $3,000 of which was paid and $3,000 evidenced by appellant’s promissory note unsecured by a lien on any property. The only indebtedness against the Montana property in 1935, after appellant and appellee had -separated, was some delinquent taxes and $500 due the state on the second 320 acres of land acquired by appellant from the state of Montana, $450 of which presumably was paid out of a part of the loan appellee obtained from Edward Cooper, the father of appellant. The $3,000 borrowed by appellant from his father to pay part of the consideration for the home purchased in Great Falls, Montana, was not a lien against any of the property and was, according to the judgment of the court, not a community debt but a debt for which Lee E. Cooper was alone responsible.
Domestic trouble, had reached a critical stage in 1934, if not previous thereto, and Mabel Cooper in June of that year filed a suit in Cascade County in the state of Montana to obtain a divorce from her husband, Lée E. Cooper. Regarding their property in that state, she alleged in a verified petition that the lands held by her and her husband were of the reasonable value of $30,000 and had an annual rental value of $5,000, and this did not include *271 the home in Great Falls. She applied for and was awarded, though probably none of it was ever paid, alimony in the sum of $30 per month. This suit was never prosecuted to judgment but was dismissed and within ninety days thereafter, Lee E. Cooper filed a suit against Mabel in Cascade County, Montana, to obtain a divorce on the grounds of cruel treatment, but she contested and defeated the suit.
In answer to said suit, Mabel alleged that she lived with Lee and assisted him on the farm as late as 1933 and as long as it was humanly possible for her to endure his cruel and brutal treatment. The testimony discloses, without controversy, that in good crop years the farm and ranch yielded a profit of approximately $5,000. When the seasons were too dry, little or nothing was made and but small amounts had been realized from the crops and cattle in several years.
The trial judge made no finding of facts as to the value of the property in Montana but we conclude from the testimony that the fair market value of the ranch, improvements and machinery thereon, together with the home and furniture in Great Falls was approximately $25,000 at the time of the trial of the instant case.
Some time previous to the institution of this suit in Potter County, appellant had conveyed 560 acres of land in Montana to his two sons; thus, the wife and sons acquired all of the community estate, approximately one-half of which belonged to the boys and one-half to Mabel Cooper. The testimony shows that after the separation of appellant and appellee she .and the boys had received funds, chargeable to the community, amounting to $8,885.00, and something over $1,300 from appellant. The court determined that $7,150.21, principal and interest, constituted the sum borrowed by appellee from Edward Cooper, the father of appellant, and expended for necessaries for herself and the boys and adjudged that she should recover of and from Lee E. Cooper said amount out of his separate estate.
On April 23, 1935, Edward Cooper, the father of appellant, made to his son, Paul W. Cooper, a deed vesting in him the title to nine sections of land in Carson and Hutchinson Counties to be held by him in trust for the benefit of appellant and others, out of which appellant receives one-ninth of the proceeds of the oil and gas royalties produced and marketed from said lands until the death of Edward Cooper, or until April 23, 1945, on which date the appellant is entitled to have conveyed to him his proportion of the properties held in trust by Paul W. Cooper. This property constitutes the separate estate of Lee E. Cooper and from April 23, 1935, until the date of this trial he had received $11,100.
The appellee sufficiently pleaded that she had been compelled to borrow money and negotiated a loan from Edward Cooper with which she purchased necessaries for herself and children, and had paid and contracted in writing to pay and satisfy the indebtedness so created. The testimony is amply sufficient to sustain these allegations and indicates that the lender, who is the father of appellant, insists that the appellee pay off, discharge and satisfy this debt. The testimony shows that he also instructed Paul W. Cooper, the trustee for his estate, to charge the loan as an advancement against appellant’s interest in the estate of his father. Lee is primarily responsible for the payment of this obligation. Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564; Sneed v. Sneed, Tex.Civ.App., 296 S.W. 643.
The judgment decreeing a recovery in behalf of Mabel Cooper for the sum of $7,150.21 for necessaries furnished by her is affirmed, but there shall be delivered to and for Lee E. Cooper at the time any payments or partial payments are made thereon a full and valid release discharging him from further liability on such judgment for the amount so paid.
The judgment awarding Underwood and Strickland, the lawyers of appellee, a fee of $2,500 is approved.
Quinten, the younger boy, had failed in high school in January or February of 1937 and declined thereafter to attend. He asserted an ambition to join the navy or enter an aviation school, but did neither and manifested no desire to attend an educational institution of any kind. The record discloses that he was reasonably industrious and he testified that while not in school’ he had been able to secure and hold employment at different garages and on government projects. According to the record, his father had conveyed to him, without consideration, an undivided one-half interest in 560 acres of the land in Montana, together with the improvements ■ thereon, and the testi *272 mony warrants the conclusion that the market value of his interest therein was approximately $6,000, and this we think entirely sufficient to furnish him with support until he reaches his majority. His mother, though refused legal custody of this minor by the court, had been appointed his legal guardian and was managing his property. He was eighteen years old on January 2, 1937, and, in our opinion, it is inequitable to charge the separate estate of the father with any sum to support this minor until he reaches his majority or to support the appellee until she remarries. The entire purpose of the courts in partitioning property among the spouses in a divorce proceeding is to do equity between the parties, giving due consideration to the best interest of the children. Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21.
The alimony allowed appellee by the court pending the appeal was, in our opinion, neither warranted nor justified.
The judgment of the trial court granting the appellee a divorce, permitting her a recovery against appellant for the moneys expended by her for necessaries on the condition herein stated, and awarding to her lawyers $2,500 attorney fees is affirmed.
, The decree adjudging to the minor and appellee 25% of the income received by the father from his separate estate until Quinten becomes twenty-one and to the mother 15% thereafter until she remarries, and the award of alimony pending the appeal are reversed and here rendered and all claims thereunder denied.