**Rachelle M. KLEPAK, Appellant,**

v.

**Henry KLEPAK, Appellee.**

**No. 16925.**

Court of Civil Appeals of Texas.

Dallas.

June 16, 1967.

Rehearing Denied July 14, 1967.

Wm. Andress, Jr., of Andress, Woodgate & Condos, Dallas, for appellant.

E. E. Berwald, of Rosenfield, Berwald & Mittenthal, Roy J. True, Dallas, for appellee.

BATEMAN, Justice.

The sole question presented by this appeal is whether the trial court abused its discretion in the matter of increasing child support. The parties were divorced in April 1965. The custody of their daughter, Kathryn Louise Klepak, then two and one-half years of age, was awarded to her mother, the appellant, and the appellee, father of the child, was ordered to pay $100 per month for the child's support. Thereafter various motions were filed by the parties, including one by appellant praying that the child support be increased to $1,000 per month. After an extensive hearing the trial court ordered appellee to pay $150 per month for the support of the child.

The appellant in her brief raises four points of error on appeal, the burden of which is that the trial court erred in holding that his hands were tied by the prior award, thus applying an erroneous rule of law, which constituted legal abuse of discretion. Appellant does not assert a lack of evidence to support the judgment, or contend that the judgment is contrary to the weight and preponderance of the evidence; merely that in making the award the court applied a fallacious rule of law.

In the course of a full hearing appellant testified that on the trial of the divorce case she had told the judge trying the case that she did not want any amount awarded as child support; that she did this in a sincere effort to cooperate with appellee and enable him to settle his debts and get on his feet and with the feeling that "then he would come across with a legitimate sum for the support of his child"; but that the judge trying the divorce case stated that the law imposed upon him a duty to order the father to pay a reasonable amount for the support of the child and that he was fixing the amount at $100 per month. Appellant contended at the hearing of her motion to increase the child support, and contends vigorously in this court on appeal, that it was improper under the circumstances for the trial court to take into consideration the amount of the previous award in arriving at the amount of increased child support. Her contention that he did so and thus applied "the wrong rule of law, constituting legal abuse of discretion," is based upon the following colloquy between the trial court and appellant after appellant had testified as to her reasons for telling the judge who tried the divorce case that she did not desire the award of any child support:

"THE COURT: There is where you made your mistake though, by tying the Court's hands.

"MRS. KLEPAK: Well, I realize—

"THE COURT: Actually you have tied the Court's hands more or less by agreeing to it and entering the Order.

"MRS. KLEPAK: That's what I understand now but I certainly want you to understand that that was not my purpose at the time and by trying to do what I felt was the right thing to do from the child's standpoint and from my own standpoint, I seemed to have shot my whole case forever because it seems like now unless the economy shoots sky high, and I have no basis for—I mean I really

did want to do what was absolutely right.

"THE COURT: The law is so binding that the Judge, of course has some discretion but yet he is tied by the law."

In our opinion, the foregoing statement by the court cannot properly be seized upon as an ex cathedra ruling by the court that is so contrary to the law as to indicate that his final decision was based upon it or upon any other consideration than the physical, mental and spiritual needs of the child and the financial ability of the father under all of the circumstances disclosed to the court by the testimony.

Appellant contends that the award of $100 per month for child support by the divorce court in 1965 was arbitrary and alien to the actual needs of the child and was fixed at a minimal amount in the light of appellant's unfortunate statement that she did not desire such an award in any amount. She points out that in the divorce decree there is no finding that $100 per month was the amount reasonably necessary to support the child; but it is our opinion that the court in making that award impliedly found, as was his duty under Vernon's Ann.Civ.St., Art. 4639a, that the amount awarded was for the best interest of the child after inquiring into, and taking into consideration, the surroundings and circumstances of the child and the financial circumstances of both parents and their ability to contribute to the support of the child. Gully v. Gully, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564 (1921). We have no right to assume that the judge trying the divorce case shirked that statutory duty and made a grossly inadequate award merely because the mother of the child stated that she did not want or need any child support whatever. It must be presumed, in the absence of any showing to the contrary, that the trial judge in each instance faithfully performed his statutory duty, and exercised a proper judicial discretion both in making and increasing the award. Matthews v. Landowners Oil Ass'n, 204 S.W.2d 647, 652 (Tex.Civ.App., Amarillo 1947, writ ref'd n. r. e.); Lucas v. Lucas, 365 S.W.2d 372, 379 (Tex.Civ. App., Beaumont 1962, no writ); A. & M. College of Texas v. Guinn, 280 S.W.2d 373, 377 (Tex.Civ.App., Austin 1955, writ ref'd n. r. e); Dittman v. Model Baking Co., 271 S.W. 75 (Tex.Com.App.1925, jdgmt adopted).

The statement of facts contains 312 pages of testimony, many of which contain detailed statements pertaining to the needs of the child and the financial circumstances of the parents. No findings of fact or conclusions of law were filed, and we hold that appellant has failed to demonstrate that the judgment appealed from was based on an erroneous legal principle or that it was arrived at by the application of any improper standard or formula. Appellant's four points of error are therefore overruled and the judgment is

Affirmed.