Juventino VALAQUE, Appellant,

v.

Antonia Vala Perez VALAQUE, Appellee.

No. 16046.

Court of Civil Appeals of Texas, San Antonio.

Nov. 15, 1978.

Terri C. Snell, Marc J. Schnall, Stephen G. Cochran, San Antonio, for appellant.

Benjamin D. Lucas, San Antonio, for appellee.

## OPINION

CADENA, Chief Justice.

This is a divorce suit in which the husband, Juventino Valaque, complains only of the failure of the trial court to order the wife, Antonia Vala Perez Valaque, to contribute to the support of the parties' minor child as provided for in Texas Family Code, Section 14.05(b) (Vernon 1975).

The applicable statute provides that if the court finds that a child of the parties to the divorce action requires continuous care and personal supervision because of a mental or physical disability and will not be able to support himself, "the court may order that payments for the support of the child shall be continued after the 18th birthday and extended for an indefinite period." *Id.* The trial court found that the child, who was 17 years old when the divorce action was instituted by the wife, became 18 years of age subsequent to the filing of the divorce suit but prior to the entry of the divorce decree. The court also found that such child requires continuous care and personal supervision because of a physical disability and that he is not able to support himself. The decree, after providing that the father shall have care, custody and control of the child, provides that the mother will not be ordered to pay child support under Section 14.05(b).

We do not accept appellant's theory that Section 14.05(b) makes it mandatory, where the conditions specified exist, that the trial court enter an order requiring one of the parents to support the handicapped child beyond his 18th birthday. The statutory language clearly indicates a legislative intent to confer authority rather than an intent to impose a requirement. The duty of a parent to contribute to the support of a child corresponds to that parent's ability to pay. *Gully v. Gully,* 111 Tex. 233, 231 S.W. 97 (1921). Indeed, division of income between a parent and child must take into account the right of the parent to self-subsistence. "[T]here is some minimum amount necessary for a bare subsistence [sic], and less than such amount renders a

child support order unenforceable." *Anderson v. Anderson,* 503 S.W.2d 124, 127 (Tex. Civ.App.—Corpus Christi 1973, no writ). Additionally, circumstances may exist which could entirely relieve a parent of the duty to support. *See Gully v. Gully,* 111 Tex. 233, 231 S.W. 97, 100 (1921). This case is before us without a statement of facts. Therefore, we must assume that the trial court found the existence of circumstances which justified its refusal to require appellee to pay child support and that such finding is supported by the evidence. *Guthrie v. National Homes Corp.,* 394 S.W.2d 494, 495 (Tex.1965); 4 R. McDonald, Texas Civil Practice § 16.10(a) (rev. 1971).

We need not determine whether, in a case where the child is under 18 when the divorce suit is filed but reaches age 18 before the divorce decree is entered, Section 14.-05(b) empowers the court to enter an order requiring support of such child. See *Red v. Red,* 552 S.W.2d 90 (Tex.1977).

The judgment of the trial court is affirmed.