

# THE ATTORNEY GENERAL
## OF TEXAS

December 2, 1986                                    ]

JIM MATTOX
ATTORNEY GENERAL

Mr. O. L. McCotter                  Opinion No. JM-580
Director
Texas Department of Corrections     Re: Authority of the Texas Depart-
P. O. Box 99                        ment of Corrections to assume
Huntsville, Texas    77340          medical costs with regard to the
                                    hospitalization of a premature
                                    infant born to an inmate

Dear Mr. McCotter:

     You ask whether the Texas Department of Corrections (hereinafter
the department) is responsible for the medical expenses of a premature
infant born to a prison inmate.  You provide the following background:

          As a part of the medical services provided
     inmates incarcerated at the Gatesville and
     Mountain View Units, TDC contracts with several
     free world hospitals to provide delivery services
     to pregnant inmates.  Generally, pregnant inmates
     are transported to a contract hospital for de-
     livery, and following such delivery, the newborn
     is placed with relatives of the inmate or, if no
     relatives are available, placed in a foster
     environment.  Arrangements for placement of the
     newborn are made with the coordinated efforts of
     TDC and the Department of Human Services. . . .

          Recently, an infant was born to an inmate some
     three months premature.  Because of the premature
     birth, extensive hospitalization has been required
     and it is expected that another 2-3 months inten-
     sive care hospitalization will also be required.

You assert that the department lacks legal authority to pay for the
medical costs which exceed the expenses of the inmate mother in
"normal deliveries."  You suggest that the mother is responsible for
all such medical costs.

     Our response to your request assumes that you do not question the
department's constitutional and statutory duty to provide inmates with
necessary medical care.  See U.S. Const. Amends. 8, 14 (due process
clause); V.T.C.S. art. 6166g.  The medical expenses of a mother who

delivers prematurely are no less "necessary" than the medical expenses of a normal, full-term delivery. Accordingly, this response addresses only the liability of the department for the medical expenses attributable solely to the infant.

No person or agency holds the authority to make a contract which is binding on the state, except when authorized to do so by the Texas Constitution or statutes. Tex. Const. art. III, §§44, 49; State v. Ragland Clinic-Hospital, 159 S.W.2d 105, 106 (Tex. 1942); cf. State v. City National Bank of Austin, 578 S.W.2d 155 (Tex. Civ. App. - Tyler 1979), aff'd, 603 S.W.2d 764 (Tex. 1980). Article 6166g provides that the Texas Department of Corrections, together with its director, shall be responsible "for the proper care, treatment, feeding, clothing and management of the prisoners confined therein." This statute applies, by its terms, only to "prisoners." Article 6166j grants the department the power to prescribe reasonable rules and regulations governing the humane treatment of prisoners and the classification and separation of prisoners according to sex. Article 6166j also prohibits discrimination against prisoners on the basis of sex. Like article 6166g, however, article 6166j applies only to "prisoners." No other statutes authorize the department to provide for the medical expenses of an infant born to one of the department's prisoners. Other than the oblique reference in article 6166j to the separation and classification of prisoners according to sex, the Texas Legislature has made no attempt to address the special problems faced by pregnant inmates -- much less by their children. Consequently, the department lacks the authority to enter into a contract to pay the medical expenses of a premature infant born to a prisoner.

You suggest that the prisoner-mother is legally responsible for the medical expenses of her premature infant. Section 12.04 of the Texas Family Code provides, in part, that

> [e]xcept as otherwise provided by judicial order or by an affidavit of relinquishment of parental rights . . . the parent of a child has. . . .
>
> . . . .
>
> (3) the duty to support the child, including providing the child with clothing, food, shelter, medical care, and education. . . . (Emphasis added).

Thus, "parental" duties clearly include necessary medical care for a premature infant. Additionally, section 4.02 of the code provides that parents are liable to persons who provide necessaries to those to whom support is owed.

Section 11.01 of the Family Code states, in part:

> (3) 'Parent' means the mother, a man as to whom the child is legitimate, or an adoptive mother or father, but does not include a parent as to whom the parent-child relationship has been terminated.

You do not mention the child's father. Both parents have a statutory duty under section 12.04 to support their minor children. <u>Harrington v. State</u>, 547 S.W.2d 616, 619 (Tex. Crim. App. 1977). If the child is not legitimate as to its father, the Family Code provides for paternity suits and support proceedings. <u>See</u> §13.01 <u>et seq.</u> Biological fathers have a duty to support their "illegitimate" children. <u>See</u> §13.01 <u>et seq.</u>; <u>In Interest of Miller</u>, 605 S.W.2d 332 (Tex. Civ. App. - Fort Worth 1980), <u>aff'd</u>, <u>In Interest of J.A.M.</u>, 631 S.W.2d 730 (Tex. 1982). <u>See also Mills v. Habluetzel</u>, 456 U.S. 91 (1982); <u>Gomez v. Perez</u>, 409 U.S. 535 (1973).

"Parent" under the code, however, "does not include a parent as to whom the parent-child relationship has been terminated." You indicate that the children of inmates are usually placed with relatives of the inmate or with foster homes through the Texas Department of Human Services. You do not indicate whether proceedings have been instituted to terminate, either voluntarily or involuntarily, the inmate's parental rights. <u>See generally</u> Family Code §§15.041, 15.02 (Involuntary Termination of Parental Rights); <u>H.W.J. v. State Department of Public Welfare</u>, 543 S.W.2d 9 (Tex. Civ. App. - Texarkana 1976, no writ); <u>In Interest of Guillory</u>, 618 S.W.2d 948 (Tex. Civ. App. - Houston [1st Dist.] 1981, no writ); <u>cf. Elliott v. Maddox</u>, 510 S.W.2d 105 (Tex. Civ. App. - Fort Worth 1974, no writ) (although imprisonment of a parent may be evidence of legal grounds for termination of parental rights, imprisonment alone is insufficient to warrant termination of parental rights under section 15.02, particularly when the events leading to the imprisonment occurred prior to the child's birth). If proceedings are instituted to terminate the mother's parental rights in the child, a simultaneous demand by the state that the mother fulfill her financial parental duties could trigger questions under the due process clause of the Fourteenth Amendment to the United States Constitution.

The duty of an inmate-mother to pay for the medical costs of her premature infant may depend on her ability to pay. A parent's duty to support his or her children under section 12.04(3) of the Family Code generally depends on his or her ability to contribute to the support of the child. <u>Valaque v. Valaque</u>, 574 S.W.2d 608, 609 (Tex. Civ. App. - San Antonio 1978, no writ). Circumstances may exist which relieve a parent of the general duty to support his or her children. 574 S.W.2d at 610; <u>see also In Interest of Guillory</u>, 618 S.W.2d at 951. As indicated, section 4.02 of the Family Code creates a direct cause of action for parties who provide necessaries to the children to whom parents owe support. Necessaries clearly include necessary medical treatment. Although the legal liability of parents under section 4.02

to parties who provide necessary medical treatment to children is not predicated upon the parents' ability to pay, it will, as a practical matter, determine whether filing suit under section 4.02 is worthwhile. The party to institute suit under section 4.02 is the party that actually provided necessaries, not the Texas Department of Corrections. If the parents of the child of an inmate are unable to support their child, the child could be deemed an indigent for purposes of medical care. See generally V.T.C.S. art. 4438f (Indigent Health Care and Treatment Act).

### S U M M A R Y

The Texas Department of Corrections lacks the authority to enter into a contract to pay the medical costs of an infant born prematurely to an inmate when such costs exceed the costs attributable to the inmate-mother.

Both the prisoner-mother and the father of the child, whether legitimate or illegitimate, are legally liable under section 4.02 of the Texas Family Code to parties who actually provide necessary medical treatment to children to whom the mother and father owe support. Depending on their financial ability, they may also be liable under section 12.04(3) of the Family Code.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General