**Affirmed as Modified and Majority and Concurring Opinions filed May 22, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00281-CV

---

### IN THE INTEREST OF A.B., A CHILD

---

**On Appeal from the 309th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2008-59828**

---

## CONCURRING OPINION

In support of his argument that the trial court abused its discretion by ordering retroactive child support, appellant ("Father") relies in part on evidence that, against his wishes, appellee ("Mother") carried the couple's unborn child ("A.B.") to term rather than abort the child's life. Father offered evidence that before A.B. was born, Father asked Mother to get an abortion and that Mother instead chose to continue the pregnancy and give birth to the child. Both in the trial court and in his appellate brief, Father suggests that his unsuccessful plea to abort the life of his unborn child should be

considered as evidence that militates against ordering him to pay retroactive support for the child, who is now a teenager. Father points to his plea to abort as if it were a legitimate factor to be considered in the retroactive child-support analysis. It is not.

A father's plea to abort the life of his unborn child has no legal relevance to the issue of support for that child. This evidence does not tend to make the existence of any fact of consequence to the determination of the action more or less probable. *See* Tex. R. Evid. 401. Despite Father's request to terminate A.B.'s life *in utero*, A.B. was born. Once a child is born, a parent owes a legal duty of support. *See Gully v. Gully*, 231 S.W. 97, 98 (Tex. 1921). Thus, regardless of whether Father desired A.B. to be born, as A.B.'s parent, Father owes A.B. a legal duty of support. *See id.* In light of this longstanding tenet of Texas law, it would be unprecedented to conclude that a father's legal obligation to support his child should somehow be eliminated or diminished because, before the child was born, he tried to convince the child's mother to abort the child's life.

Father cites no authority to suggest how his request to abort the unborn child's life could or should impact the issue of retroactive child support. It is unclear why he believes this evidence is helpful to his position or germane to the issue before the court. Though it is true that had Mother acceded to Father's request, Father would not be facing a retroactive child-support obligation in that there would be no child to support, there is no legal precedent that would support a reduction or elimination of child support on this basis. The law does not impose any less responsibility on a parent because the parent did not want the child to be born and took steps to further those wishes. Given settled Texas law on a parent's obligation of support, evidence that the father asked the mother to abort the life of their unborn child simply has no relevance to the father's obligation to support that child after the child is born.

Lack of legal relevance is not the only reason this evidence should not be considered in the retroactive-child-support analysis. The notion that a father's plea to abort the life of his unborn child should be a factor to weigh in his favor in evaluating

whether to order retroactive child support is repugnant to Texas's staunch public policies of protecting children and fostering strong family relationships. Because most children would find this evidence disturbing, the insensitivity of offering it is made worse by the prospect that, during the course of the public proceeding or at some future point, the child might discover this evidence. That prospect is very real when, as in this case, the facts are made the subject of testimony and exhibits in the trial court,[1] then featured in the pages of appellant's brief,[2] and repeated again in oral argument before the court of appeals.[3]

A child's discovery that, before she was born, her father asked her mother to abort the child's life could be emotionally devastating, especially when, as in this case, the child is mature enough to comprehend the evidence. By its very nature, this evidence is likely to confound, confuse, and distress, particularly when viewed through the eyes of a child or adolescent, and it is prone to spur feelings of rejection and sadness even into adulthood. The wounds from this unnecessary disclosure could be deep and leave scars that have long-lasting, indelible effects on the child and the family. All of the negative emotions, hurt feelings, and other detrimental consequences that are likely to accompany this pointless revelation carry the potential to damage, and perhaps destroy, the crucial

---

[1] In her trial testimony, Mother referred to a letter from Father in which he asked her to seek an abortion to terminate the pregnancy.

[2] The request to abort is mentioned in at least two sections of Father's appellate brief.

[3] By the time this case reached the appellate court, the evidence and arguments already were a matter of record. Nonetheless, this court has taken measures to protect the confidentiality by referring to the parties by fictitious names and initials. *See* Tex. Fam. Code Ann. § 109.002(d) (West 2011). Because the appellant (Father) raised the argument in his appellate briefing, this court has a duty to address it, and the majority is correct to do so. *See* Tex. R. App. P. 47.1; *West v. Robinson*, 180 S.W.3d 575, 576–77 (Tex. 2005) (per curiam). Unfortunately, to the extent the child in this case is not already aware of the evidence and arguments, the discussion of them in today's opinions may increase the likelihood that the child will make this discovery. But, the necessity of addressing the matter also presents the opportunity to bring about positive change by pointing out the futility and insensitivity of the argument and discouraging parties from taking this approach in the future.

ties between parent and child. For these reasons, there is a legitimate and compelling public policy justification, above and beyond lack of legal relevance, that parties should not offer and courts should not consider such evidence in a retroactive child-support analysis.

Parents, of course, are entitled to offer evidence and present arguments to show why their child-support obligations should be modified, and courts, of course, should give due consideration to all such evidence and arguments. But, in the process, we should not risk injury to a child like A.B., who almost certainly would suffer emotionally to learn that, before she was born, her father sought to abort her life and then years later held up proof of the fact in court in an effort to lessen or eliminate his legal obligation. Courts should not entertain this unseemly and meritless argument or allow litigants to present evidence supporting it. By doing so, courts will only encourage the practice.

Because a father's plea to abort the life of his unborn child is not legally relevant to the issue of retroactive support for that child, and because there are strong public policy reasons against admitting such evidence, it should play no role whatsoever in a court's determination of retroactive child support.


/s/     Kem Thompson Frost
        Justice


Panel consists of Justices Frost, Seymore, and Jamison. (Seymore, J., majority).

4