# Supreme Court of Texas

No. 23-0507

Hannah Mehta,
*Petitioner*,

v.

Manish Mehta,
*Respondent*

On Petition for Review from the
Court of Appeals for the Second District of Texas

JUSTICE LEHRMANN, joined by Justice Busby, concurring.

The Family Code authorizes an award of spousal maintenance when the maintenance-seeking spouse "will lack sufficient property . . . on dissolution of the marriage to provide for the spouse's minimum reasonable needs." TEX. FAM. CODE § 8.051. Evaluating those needs, and the property available to meet them, is often relatively straightforward when the divorcing couple has no dependent children. But when they have children, the analysis becomes more complicated. It is superficially tempting to say that child support, which of course is for the benefit of the children, should not be considered in determining eligibility for *spousal* maintenance. However, the Court rightly rejects

such a simplistic holding, which would ignore both (1) the reality that a maintenance-seeking spouse's expenses significantly overlap with child-related expenses and (2) the impact that child support has on a maintenance-seeking spouse's ability to provide for her own needs. As a practical matter, assessing eligibility for spousal maintenance requires consideration of all financial resources available to the maintenance-seeking spouse, including child support, but it also requires consideration of all reasonable expenses—whether shared or specific to the spouse or the children. Thus, I am pleased to join the Court's opinion, and I write separately to make some additional points in support of this conclusion.

Though provision of child support has long been a parental duty in Texas, *see Gully v. Gully*, 231 S.W. 97, 98 (Tex. 1921), Texas did not codify its child support guidelines until 1989.[1] Before that, trial courts had broad discretion in ordering child support, which led to inconsistent awards. Susan C. Blackwell, *Child Support Guidelines in Texas: a Step in the Right Direction*, 20 TEX. TECH L. REV. 861, 863 (1989). The guidelines ensure consistency by generally requiring child support awards to be calculated based on a percentage of the obligor's monthly net resources and the number of children.[2]

---

[1] *See* Act of May 12, 1989, 71st Leg., R.S., ch. 617, § 6, 1989 Tex. Gen. Laws 2030, 2036–40, *repealed by* Act of Apr. 6, 1995, 74th Leg., R.S., ch. 20, § 2, 1995 Tex. Gen. Laws 113, 282 (recodified as amended at TEX. FAM. CODE § 154.125(b)).

[2] *See* TEX. FAM. CODE § 154.125(b) (providing that for one child, the award is twenty percent of monthly net resources; for two children, twenty-five

2

The basis for the specific percentages adopted in Section 154.125 is unknown.[3]  But child support awards generally seek to achieve the central goal of "help[ing] a custodial parent maintain an adequate standard of living for the child."  *Williams v. Patton*, 821 S.W.2d 141, 145 (Tex. 1991).  Thus, they help reduce post-divorce financial disparities between the parents, protecting children from additional disruptions during and after their parents' divorce.  That said, child support payments are not intended or expected to cover all of a child's expenses; the obligee-parent must make up the difference.  *See Gully*, 231 S.W. at 98 (noting that both parents have a duty to support their minor children).

Without question, child support payments are intended "for the benefit of the child," not the obligee-parent.  *See* TEX. FAM. CODE

---

percent; for three children, thirty percent; for four children, thirty-five percent; for five children, forty percent; for six or more children, "[n]ot less than the amount for [five] children").  The percentage is lower if the obligor spouse's monthly net resources are less than $1,000.  *Id.*  Additional provisions apply if the obligor spouse's resources exceed a certain amount.  *See id.* § 154.126.

[3] In its most recent review of Texas's child support guidelines, the Office of the Attorney General noted that it could not locate any "specific documentation of the economic rationale for the percentage ranges" ultimately adopted.  Child Support Div., OFFICE OF THE ATTORNEY GENERAL OF TEXAS, *Texas Child Support Guidelines Review Report 2021* 36 (2021), https://www.texasattorneygeneral.gov/child-support/child-support-guidelines-review.  The review speculated, however, that the guidelines were modeled after Wisconsin's, which in turn are based on a 1982 study entitled "On Measuring the Cost of Children."  *Id.*  The Wisconsin guidelines provide "the minimum amount each parent is expected to contribute to the support of their children" and "expect[] that the custodial parent shares his or her income directly with their children."  *Id.*  The Office of the Attorney General's review concluded that "one might argue that the same economic rationale forms the basis of the current Texas guidelines."  *Id.*

§ 151.001(a)(8). But any resource that "help[s] a custodial parent maintain an adequate standard of living for the child" is for the benefit of the child. *See Patton*, 821 S.W.3d at 145. That includes payment of expenses that are specific to the child, such as medical expenses, clothes, or extracurricular activities. But it also includes payment of commingled household expenses that are necessary for parent and child alike, such as the mortgage, utilities, and groceries. So, a spouse who receives and properly spends child support for the benefit of the child will unavoidably benefit to some extent from that support. But any incidental benefit to the parent does not diminish the obligatory benefit to the child.

Moreover, as the Court notes, the availability of child support for child-related expenses eases the burden on the obligee-parent's other available resources. *Ante* at 13. It is for this reason that trial courts do not err when they include child support payments as "property" available "to provide for the [maintenance-seeking] spouse's minimum reasonable needs." *See* TEX. FAM. CODE § 8.051. Importantly, however, that is only one side of the equation and thus presents an incomplete financial picture. To ensure that trial courts fairly and accurately assess eligibility for spousal maintenance, it may be simplest in many cases to consider all incoming resources of the maintenance-seeking spouse, including child support, against all reasonable expenses, including child-related expenses. Such an analysis does not violate the requirement that child support payments be used for the benefit of the child. Rather, it merely recognizes the reality that child support payments often benefit both the child and the obligee-parent and that a

4

custodial parent's child-related expenses are highly relevant to her ability to meet her own minimum reasonable needs.

Consider the following hypothetical. A maintenance-seeking spouse has a monthly net salary of $3,000 and receives $1,000 in child support payments. The spouse's total monthly expenses—which I assume for purposes of the hypothetical are reasonable and which include expenses that are child-specific, spouse-specific, and shared by the entire household—are $5,000. Essentially, the spouse has $4,000 coming in and $5,000 going out, so she nets –$1,000 per month and does not have sufficient property available to meet her minimum reasonable needs. For purely mathematical purposes, excluding the $1,000 in child support from the income side of the equation is irrelevant so long as the maintenance-seeking spouse's total expenses are also discounted by $1,000 because the child support payment has eased the burden on other resources that would otherwise be devoted to the expenses that the support payment covers. Under that calculation, the spouse has $3,000 coming in and $4,000 going out, and the result is the same: the maintenance-seeking spouse nets –$1,000 per month and does not have sufficient property available to meet her minimum reasonable needs.

Finally, and again for mathematical purposes, a *portion* of the child support payments could be considered on the income side of the equation to reflect that some expenses benefit both the child and the maintenance-seeking spouse. But identifying that portion is both impracticable and unnecessary. It is impracticable because most shared household costs—housing, utilities, groceries, etc.—cannot reasonably or accurately be isolated or traced to one member of the household. And

it is unnecessary because, whatever that portion turns out to be, it would need to be accounted for on the expense side of the equation. Returning to the hypothetical, if the trial court determines that sixty percent of the $1,000 child support payment—$600—is property available to the maintenance-seeking spouse to meet her needs (and thus counts as income for spousal-maintenance purposes), the amount of the remaining forty percent of the payment—$400—would still need to be subtracted on the expense side (because that portion frees $400 of the maintenance-seeking spouse's resources that would otherwise be spent on the child). Under that calculation, the spouse has $3,600 coming in and $4,600 going out, netting the same –$1,000.

Considering all available income—from whatever source—against all reasonable expenses thus avoids convoluted math problems *and* ensures that neither parent can use child support payments to unfairly affect the spousal-maintenance determination. With this understanding, it becomes clear that the flaw in the court of appeals' analysis of Hannah's eligibility for spousal maintenance was not its inclusion of child support payments as property available to meet her minimum reasonable needs. Indeed, including those payments is consistent with how other courts of appeals conduct the eligibility analysis. *See, e.g.*, *In re Marriage of Elabd*, 589 S.W.3d 280, 285 (Tex. App.—Waco 2019, no pet.); *Howe v. Howe*, 551 S.W.3d 236, 257 (Tex. App.—El Paso 2018, no pet.); *In re Marriage of McFarland*,

176 S.W.3d 650, 656–57 (Tex. App.—Texarkana 2005, no pet.).[4] The court of appeals here further appeared to correctly recognize that all Hannah's expenses are relevant to the equation, as it considered her entire mortgage and all property-tax payments without needlessly attempting to isolate the nebulous portion of those expenses that benefits Hannah as opposed to the children. 703 S.W.3d 100, 113 (Tex. App.—Fort Worth 2023). Instead, the court of appeals' error was in refusing to consider qualitative evidence of Hannah's minimum reasonable needs on the expense side of the equation. The Court aptly explains why courts may not ignore such evidence. *Ante* at 14–15.

\* \* \* \*

Certainly, child support is "for the benefit of the child," while spousal maintenance provides for the "spouse's minimum reasonable needs." But those purposes are aligned, not antagonistic. Child support is material to a maintenance-seeking spouse's ability to meet her own minimum reasonable needs, but so too are the expenses to which that support may be directed. The Court properly recognizes those important considerations in correctly determining that the trial court did not abuse

---

[4] These courts also properly considered the maintenance-seeking spouse's total monthly expenses in determining eligibility. *See Elabd*, 589 S.W.3d at 285; *McFarland*, 176 S.W.3d at 657.

7

its discretion in awarding Hannah spousal maintenance.  Accordingly, I concur in the Court's judgment and join its opinion.

_____

Debra H. Lehrmann
Justice

**OPINION FILED:** June 20, 2025