Lewis J. BOLLI, Appellant,

v.

Gary L. PREWITT, d/b/a the Corvette Shop, Appellee.

No. 15811.

Court of Civil Appeals of Texas, San Antonio.

Jan. 25, 1978.

Barry Snell, Bayne, Snell & Krause, San Antonio, for appellant.

Pepos S. Dounson, Jerry Simon, San Antonio, for appellee.

MURRAY, Justice.

Lewis J. Bolli, appellant, sued Gary L. Prewitt, d/b/a The Corvette Shop, appellee, for damages. The basis of the suit was that appellee engaged in a deceptive trade practice by misrepresenting to appellant that appellant's automobile would be covered by insurance while on defendant's lot for sale. Appellant alleged alternatively that appellee was negligent in failing to exercise ordinary care to prevent the theft and destruction of the automobile. After a nonjury trial the court entered judgment that appellant take nothing, from which judgment appellant timely perfected this appeal. The record on appeal in this case does not contain a statement of facts.

Appellant's first point of error is "The trial court erred in eliminating Plaintiff's cause of action for deceptive trade practices without ruling on whether Defendant made misrepresentations to Plaintiff concerning insurance." At the conclusion of the trial the court announced from the bench:

THE COURT: I still wonder if Courts such as this present Court presiding possesses enough wisdom to sit in attempted judgment under such facts as has been presented today; and I also wonder that a judge who retired two years ago is still trying cases. It makes you wonder if the Judge has wisdom and sense enough to sit up here and be a judge in a case. I still wonder about myself, why I do this.

This case, Gentlemen, has been very disappointing, in many respects, to the Court. Somebody hasn't told the entire truth here today. I don't say that it's the first case that I ever heard like that, but somebody hasn't told the truth here today. Asfar as the insurance is concerned, Mr. Prewitt knew that he didn't have any insurance until after he had already taken into his position, for purpose of selling, Mr. Bolli's car; because the policy, when he did take the car for repairs, was taken subsequent to the transaction of the actual bailment that was created by virtue of the act. I have studied the cases and studied the pleadings and listened to the case law as pronounced by counsel; and I think that in view of the discrepancies in the testimony here today, that after hearing some of it, you would almost subscribe to remedial legislation that when people told opposit tales about matters, that they be compelled to take a polygraph test and that the Court be bound by it. I would almost advocate that, and I have never said that before.

Now, examination of the Petition on which the plaintiff relies for recovery contains several counts; not major counts, but alternative matters of relief. I have decided that in view of the many discrepancies, to eliminate from the cause of action the question of insurance; just completely eliminate it. I'm not going to find that there was any representation that there was any insurance or that there was. I'm going to eliminate that. That's just entirely out of the case. I'm going to forget insurance. I don't think, in the first place, that it's reasonable to think that a person would own a valuable automobile like Mr. Bolli owned without having some insurance on it. That's what you or I would do. We would carry some insurance on the car. But that's neither hear nor there. I'm eliminating that from the cause of action. That's got nothing to do with my decision and I want that straight in the record.

In paragraph six of the Plaintiff's Petition, he has a count of negligence in failing to exercise ordinary care to prevent the theft and destruction of plaintiff's automobile, and that such negligence was the direct and proximate cause of the automobile, to plaintiff's damage,

in the sum of $5,000.00. Well, now, the many cases that I have tried and in my ordinary business transactions and as a private citizen, I have observed, many times, public automobile agencies, public places where automobile sales were conducted, both outside and inside buildings. Certainly, it's not unusual and customary for a person engaged in the business which the defendant was to have two watch dogs on duty at all times to attempt to thwart the efforts of thieves who, in the dead of the night, would come to steal automobiles of the owner. But on the police report, as to the keys in the car; as many keys as there are in existence and as many keys as known rackateers and automobile thieves have, it's just lucky that the burgular—most of the burgulars [sic] that are really proficient in their business, they can reach on their string of keys and put a key in a lock on most any door you own, unless it's a bolted lock inside. Likewise, when you figure the statistics that about every eleven minutes there's a car stolen in the United States, there has to be something in the way of keys that the police—the police report doesn't say "the keys that are in the car." As I saw it, it was actually the keys that belonged to the car. The testimony still is undisputed that the keys were locked in the office. I don't think that the defendant was guilty of a lack of ordinary care, and that's all the law requires him to do. He doesn't have to give extraordinary care. He didn't have to exercise that type of care, which is required in some cases that we are compelled to pass on damage issues. All that is required is to do that which an ordinary and prudent person would do or would not do under the same or similar circumstances. And I think that the negligence that's alleged in Paragraph six is found wanting in this case and the claim is denied on the strength of Paragraph six of the Petition.

In the further alternative, in Paragraph seven of the Plaintiff's Petition, he alleges a consignment, which is a rare pleading. He alleges that the car was consigned to the defendant for the purpose of sale. Well, there was no outright sale of it, and consignment transactions asfar as vehicles are concerned are fairly usual; but in order to constitute a recovery by virtue of the assignment agreement, it becomes incumbent upon the defendant to exercise ordinary care over the automobile and that his failure to do so would be a breach of the consignment agreement. I think that's a proper statement of the law as far as the law on consignment is concerned, and I think that the Court has already discussed at length the matter of ordinary care as enunciated in connection with Paragraph six of the Petition. The Court, therefore, denies recovery for the plaintiff on the basis of alternative allegations in Paragraph seven of the Petition.

In the last alternative pleading, the defendant, of course, pleads the matter which I first discussed, which I have said that I was not going to consider because of the wide disparity in the testimony concerning the insurance and not withstanding the authorities that have been cited from this jurisdiction; that is some of our Supreme Court cases and Commission of Appeals cases and other jurisdictions, also. I'm not giving consideration to the insurance. I think that there is some distinction here in this case to the matter of—you just—you have got to couple the matter of the sign on the door as to "not responsible for fire or theft" with the fact that that caused the defendant to owe same special duty to the balor [sic] in order to recover on the insurance. It was certainly noticable [sic]. Anyone that can read the English language—and you take something, even for storage, and it says "We won't be responsible to you for fire or theft", I think that would put you on inquiry and you say, "Well, if you have got insurance, what have you got that sign up there on the door for? Why have you got a sign that says that your're not responsible for fire or theft? I want to know why that's up there. I want to know if I'm covered. Why did you tell me that and, in the next

**920**

breath, you write all over your door that you're not responsible for fire or theft?"

This is a hard case, Gentlemen. It's very difficult, and someone is going to take a losing. Anyone—I think that the Plaintiff should have been more diligent in the matter of protection of his rights. I can not find negligence on the part of the defendant. I can not find any violation of the Texas Deceptive Trade Practices and Consumer Trade Act. For that reason, the Court is going to adjudge that the plaintiff take nothing by virtue of the suit and that the defendant be released from this suit, together with all costs herein expended. Prepare your judgment on it, please, and submit it for entry. You're excused.

It is the position of appellants that the above quoted announcement by the judge from the bench denied him a trial on his cause of action for deceptive trade practices. We disagree. The above pronouncement from the bench by the judge amounts to no more than a statement that he intends to enter judgment for the defendant.

Appellant next complains of the trial court's failure to make a finding of fact as to whether appellee engaged in a deceptive trade practice by misrepresenting to appellant that appellant's automobile would be covered by insurance while on defendant's lot for sale. The record in that regard shows that the appellant timely requested findings of fact. The amended findings of fact filed by the judge failed to contain a finding as to whether appellee warranted or represented that appellant's car would be covered by insurance while at defendant's place of business for sale. The record shows that after the amended findings of fact were made and filed by the court, the appellant failed to request any specific further, additional, or amended findings in compliance with Rule 298, Tex.R.Civ.P. (1978). We hold that because of this failure, appellant has waived his right to complain on appeal of the trial court's failure to make designated findings and conclusions. *Cortez v. Corsi*, 513 S.W.2d 648 (Tex.Civ. App.—Corpus Christi 1974, writ ref'd n. r. e.); *Vanity Fair Properties v. Billingsley*, 469 S.W.2d 453 (Tex.Civ.App.—San Antonio 1971, writ ref'd n. r. e.).

An omitted unrequested finding will be presumed in support of the judgment. *Tidwell v. Lange*, 531 S.W.2d 384 (Tex.Civ. App.—Waco 1975, no writ).

All of appellant's points of error have been considered and all are overruled. The judgment of the trial court is affirmed.

CADENA, Chief Justice.

I concur in the result on the ground that, without a statement of facts, this Court is unable to determine the validity of appellant's complaints.