George H. CORNELL, Appellant,

v.

Lois J. CORNELL, Appellee.

No. 15946.

Court of Civil Appeals of Texas, San Antonio.

June 21, 1978.

David L. Hooper, Abilene, for appellant.

F. Terry Callahan, San Antonio, for appellee.

CADENA, Chief Justice.

George H. Cornell, Jr., referred to in this opinion as defendant, appeals from an order of a district court of Bexar County modifying an order of support entered at the time that defendant and plaintiff, Lois J. Cornell, were divorced in 1966. Neither defendant nor his attorney appeared at the trial.

Plaintiff's petition, seeking modification of the prior order which obligated defendant to pay $170.00 per month for the support of the four minor children of the parties until the youngest of the children reached age 18, gave the names of the three children who were less than 18 years of age at the time such petition was filed. Plaintiff further alleged that the "circumstances of the children or a person affected by the order * * * providing for their support * * * have materially and substantially changed since the entry of the order, and the support payments previously ordered should be increased." Plaintiff also sought recovery of attorney's fees.

In his answer, defendant alleged that his circumstances since entry of the 1966 order "have not substantially and materially improved," and that he lacks the ability to pay any greater sum for the support of the children. In his answer, after pointing out that one of the four children had attained his 18th birthday, defendant asked that the child support payments be reduced to $42.50 per month for each of the remaining three children "until such time as such children attain the age of" 18.

The court entered an order which, among other things, requires defendant to pay the sum of $350.00 per month until the youngest child of the parties reaches age 18.

The court filed findings of fact, including the following: (8) The children are older than they were in 1966; (9) Expenses incurred by plaintiff in raising the children have increased "and judicial notice is taken of the fact that the general cost of living has risen since August 1, 1966."; (10) Housing expenses are increasing for the children; (11) The children need and will need medical and dental care; (13) School costs are increasing; (14) Plaintiff desires to provide the children with funds for special training such as their agricultural projects at school; (15) Plaintiff's financial condition has worsened; (16) Defendant's financial condition has improved.

Each of the parties propounded written interrogatories to the other prior to the trial. The answers to such interrogatories were not introduced into evidence. Plaintiff identified the interrogatories that were propounded to her and her answers, and her attorney stated: "At this time we would offer Plaintiff's Exhibit 3 into the record." Exhibit 3 was identified by plaintiff as the interrogatories. She identified the instrument containing her answers as Exhibit 2, but Exhibit 2 was not offered for admission and the record does not reflect that the court admitted either Exhibit 2 or Exhibit 3. Neither Exhibit 2 nor Exhibit 3 appears in the Statement of Facts.

The interrogatories propounded to defendant were not identified, offered or admitted. The same is true of defendant's answers to such interrogatories.

■ Under these circumstances, the interrogatories and answers cannot be considered as evidence. *Richards v. Boettcher*, 518 S.W.2d 286 (Tex.Civ.App.—Texarkana 1974, writ ref'd, n. r. e.). They cannot be considered as evidence in support of the judgment. *Barnwell v. Fox & Jacobs*, 469 S.W.2d 199 (Tex.Civ.App.—Dallas 1971, no writ).

■ With reference to plaintiff's financial condition, she testified that at the time the divorce was granted in 1966 she was making "less money" than she was earning at the time of the hearing in this case. There is no evidence concerning her income in 1966 nor her income in 1977, so that it is impossible to determine the extent to which her earnings have increased.

Plaintiff did testify, by answering "yes" to counsel's question, that she did "feel that the circumstances of the children" and her circumstances as managing conservator "have greatly, and materially and substan-

tially changed since the entry of that divorce decree order back in 1966."

Plaintiff testified that she was able to foresee expenses she will incur in the future, such as dental expenses, projects and trips in connection with the "second boy's" agricultural project, and an increase in the rent. She stated that she could not, "at the moment", afford to pay for "these things."

There is no evidence supporting any conclusion concerning the financial status of defendant. Plaintiff testified, in answer to a question inquiring whether she "felt" that defendant is able to contribute more than $170.00 a month, "I think he could." She also testified that defendant and his present wife have "over $19,000.00 on deposit in a savings and loan institution." However, it is clear that she was merely testifying on the basis of what she called her "review" of the records of the savings association which had been subpoenaed. These records were not introduced into evidence. It is, therefore, clear that the testimony concerning the nature of bank deposits by defendant and his present wife is rank hearsay without probative value. Plaintiff did testify that defendant is earning more than he did in 1966, but there is no indication concerning the increase in his earnings.

The following are the only conclusions which find support in the evidence: (1) Plaintiff's income is greater than it was in 1966; (2) Defendant's income is greater than it was in 1966; (3) Plaintiff's income, and her ability to contribute toward the support of the children, is unknown; (4) Defendant's income and his ability to contribute to the support of the children, is unknown; (5) Since plaintiff and defendant were divorced in 1966, defendant has remarried; (6) Defendant, a retired service man, has arranged for the medical needs of the children to be furnished by the United States government.

The evidence is clearly insufficient to support the increase in the child support payments from $170.00 per month to $350.00 per month.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.