**Billy Neil BAKER, Appellant,**

**v.**

**Frankie Ann BAKER, Appellee.**

**No. 2–86–012–CV.**

Court of Appeals of Texas,
Fort Worth.

Nov. 12, 1986.

Belvin R. Harris, Gainesville, for appellant.

John H. Morris, Gainesville, for appellee.

Before FENDER, C.J., and BURDOCK and HILL, JJ.

## OPINION

FENDER, Chief Justice.

Billy Neil Baker appeals from an order modifying a previous order to make child support payments to Frankie Ann Baker for the benefit of their daughter. Trial was to the court which ordered the payments increased to $300.00 per month and withheld from appellant's wages. Appellant complains that the court abused its discretion 1) in finding or failing to find a material and substantial change in the circumstances of the parties, *see* TEX.FAM. CODE ANN. sec. 14.08(c)(2) (Vernon 1986); and 2) in ordering income withholding without a request for such from appellee or a showing that appellant was delinquent in making his child support payments. *See* TEX.FAM.CODE ANN. secs. 14.05(e), 14.-43(a) (Vernon 1986). Findings of fact and conclusions of law were filed with this court along with a statement of facts.

We reverse and render.

On December 20, 1982, appellant was ordered to pay $150.00 per month to appellee as child support payments. Appellee filed her "Motion To Modify In Suit Affecting The Parent-Child Relationship" requesting an increase in child support payments in June of 1985. A hearing on the motion was held October 18, 1985.

In appellant's first and second points of error, appellant argues that the evidence produced at the hearing is legally and factually insufficient to support the court's finding that appellant's income had increased substantially since December 20, 1982. Appellant also contends that the court erred in failing to find whether or not appellant's circumstances had changed materially since December 20, 1982.

Section 14.08 of the Texas Family Code sets out the prerequisites for modifying a child support order. It provides, in pertinent part:

(c) After a hearing, the court may modify an order or portion of a decree that:

. . . .

(2) provides for the support of a child if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since its entry....

TEX.FAM.CODE ANN. sec. 14.08(c)(2). The court may modify a child support order only when the movant establishes that the circumstances of the child or any party affected by the order have changed materially and substantially. *See Liveris v. Ross,* 690 S.W.2d 60, 61 (Tex.App.—Houston [14th Dist.] 1985, no writ); *Cannon v. Cannon,* 646 S.W.2d 295, 297 (Tex.App.—Tyler 1983, no writ). To determine whether the requisite change has been established, the court must compare the financial circumstances of the child and the affected parties at the time the order was entered with their circumstances at the time the modification is sought. *See Liveris,* 690 S.W.2d at 61; *Stofer v. Linville,* 662 S.W.2d 783, 784 (Tex.App.—Houston [14th Dist.] 1983, no writ).

Findings of fact entered in a case tried to the court are of the same force and dignity as a jury's verdict upon special issues. *See City of Clute v. City of Lake Jackson,* 559 S.W.2d 391, 395 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ ref'd n.r.e.). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them, *see First Nat. Bank in Dallas v. Kinabrew,* 589 S.W.2d 137, 146 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.), by the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a

jury's answer to a special issue. *See Okon v. Levy,* 612 S.W.2d 938, 941 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r.e.).

■ In determining a "no evidence" point, we are to consider only the evidence and inferences which tend to support the finding of the jury and disregard all evidence and inferences to the contrary. *See Larson v. Cook Consultants, Inc.,* 690 S.W.2d 567, 568 (Tex.1985); *International Armament Corp. v. King,* 686 S.W.2d 595, 597 (Tex.1985); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661–62 (1951). If there is any evidence of probative force to support the finding of the jury, the point must be overruled and the finding upheld. *See In re King's Estate,* 244 S.W.2d at 661–62.

■ A "no evidence" point of error must and may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *See Commonwealth Lloyd's Ins. Co. v. Thomas,* 678 S.W.2d 278, 288 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEXAS L.REV. 361 (1960). Under TEX.R.APP.P. 80(b) and 81(b), when we sustain a "no evidence" point, it is our duty to render judgment for the appellant because that is the judgment the trial court should have rendered. *See Vista Chevrolet, Inc. v. Lewis,* 709 S.W.2d 176 (Tex.1986) (per curiam); *National Life and Accident Insurance Co. v. Blagg,* 438 S.W.2d 905, 909 (Tex.1969).

In this case, appellant testified that at the time of the December, 1982 order he had a job at Freddie's Auto Parts where he made about $370.00 a week. Appellee confirmed that appellant worked at that job. Appellant also testified his expenses ran about $1,500.00 per month at that time.

The evidence as to appellant's income at the time of the October, 1985 hearing shows that he averaged about $376.00 per week in take home pay. Appellant stated that his monthly expenses at that time were around $1,550.00. He also testified that he was making periodic payments on a five to six thousand dollar debt. Appellant had remarried, had another child, and was expecting the birth of another at the time of the hearing.

■ While economic hardship resulting from the parent obligor's remarriage may not be allowed to mitigate against his dependent child of an earlier marriage, the court is required to consider all financial obligations of the obligor parent, including those to another wife and to other children. *See Gully v. Gully,* 111 Tex. 233, 231 S.W. 97, 100 (1921); *In Interest of J.M. and G.M.,* 585 S.W.2d 854, 856 (Tex.Civ.App.—San Antonio 1979, no writ). Even without such a consideration, however, it is clear that appellant's circumstances have not changed materially and substantially. The evidence shows that his income has increased only an average of $6.00 per week. His expenses have risen by $50.00 a month plus the amount of periodic payments on an outstanding loan. In light of the evidence established at the hearing we hold that there is no evidence that appellant's circumstances have changed materially and substantially. Appellant's first and second points of error are sustained.

Appellant further contends, in his third point of error, that the trial court abused its discretion in increasing appellant's child support payments to $300.00 per month. Appellant argues that appellee has failed to show their child's or either of their circumstances have changed materially and substantially.

It has been held that if a material and substantial change has occurred in the needs of the child or in the ability of the affected parties to support the child, the modifying order is not an abuse of the trial court's discretion. *See Stofer,* 662 S.W.2d at 784; *Cannon,* 646 S.W.2d at 297. Where, however, the evidence does not sup-

port the court's finding that such change has occurred, an order modifying child support is an abuse of discretion. *See Stofer*, 662 S.W.2d at 785–86.

We have already held there is no evidence that appellant's circumstances have changed materially and substantially. There is no testimony at all as to the child's circumstances at the time the order was entered in December, 1982 or when the order was modified in October of 1985. The modification order could only rest, then, on a finding that appellee's circumstances had changed materially and substantially since December 20, 1982.

■ We hold there is no evidence to support such a finding. Appellee testified at the October hearing that she made about $480.00 a month as a receptionist. She also received $115.00 a month as rental income and an occasional commission from a second job as a sales representative. In addition, appellee testified that her expenses ran about $610.00 a month.

The only testimony as to appellee's circumstances at the time of the December, 1982 order is as follows:

Q. [BY MR. MORRIS, Appellee's attorney:] In December of '82 when the order modifying the prior order was made, were you working outside your home?

A. [Appellee:] I had to—after we got a divorce I had to find a job to support [M ] and I—

Q. So in December 1982, about three years ago, where were you working?

A. Okay. Let me think. I think I was working for Lock Expiration at the time, then I was laid off there and my job situation has not been that stable.

Q. Okay. Are you making more or less money now than you were in December 1982?

A. Less.

. . . .

BY MR. HARRIS [Appellant's attorney]:

Q. Miss Baker, going back to December 1982, actually you weren't employed at that time, were you?

A. [Appellee:] There was so much going on. I was looking for a job. I don't know the exact date.

Q. So you didn't have any income other than the house rent; is that right?

A. Like I say, I don't know the exact date. If one job terminated I was out looking for another job.

. . . .

Q. [BY MR. HARRIS:] Did you have the house rent at that time?

A. [Appellee:] I'm not really certain of the exact date I lived in the house.

Q. You lived in it at that time, didn't you?

A. I'm not for sure if I was living in it at that time or not. I lived in it a while until I could not afford to live there.

We hold that appellee's bare assertion that she was making less money in October of 1985 than in December of 1982, without some testimony as to how much she was making, is no more than a mere scintilla of evidence that her circumstances have changed. *See Commonwealth*, 678 S.W.2d at 288. As there is also no evidence in the record that either the child's or appellant's circumstances have changed materially and substantially, we hold that the trial court clearly abused its discretion in modifying the December, 1982 child support order. *See Stofer*, 662 S.W.2d at 785–86. Appellant's third point of error is sustained.

In appellant's final point of error, he contends the court erred in ordering appellant's income withheld. The court, he urges, erroneously believed it was required to order the income withholding. Appellant argues no motion or request for income withholding had been filed by appellee nor was appellant delinquent in his child support payments. Without such a request or showing of delinquency, the court is not required to order income withholding. *See* TEX.FAM.CODE ANN. sec. 14.43.

Section 14.05 of the Texas Family Code is the starting point for a court's determination of whether or not to order income withholding. *See* TEX.FAM.CODE ANN. sec. 14.05(e). It provides:

(e) Except for good cause shown, on agreement of the parties, or as provided in Subsection (f) of this section, in every proceeding in which periodic payments of child support are ordered, the court shall order that income be withheld from the disposable earnings of the obligor to conform with the provisions of Subchapter B of this chapter. The court shall order that income withheld for child support shall be paid through a court registry, a child support collection office, or the attorney general, unless the court finds that there is good cause to require payments to be made to another person or office.

*Id.*

The provision of subchapter B to which the court's order to withhold income must conform in this case is found in section 14.43(a). *See* TEX.FAM.CODE ANN. sec. 14.43(a). That section provides as follows:

(a) Duty of Court to Order Income Withholding. Except for good cause shown, on agreement of the parties, or as provided in Subsection (b) of this section, the court shall enter an order that provides that income be withheld from the disposable earnings of the obligor:

(1) in every original suit affecting the parent-child relationship in which child support payments are ordered;

(2) on motion to require income withholding regarding a child support order entered before the effective date of this subchapter; provided that at the time the motion is filed the obligor is shown to have been in arrears for a time period of at least 30 days for some portion of the amount due and is currently in arrears for an amount equal to or greater than that due for a one-month period; or

(3) on motion to modify an order entered after the effective date of this subchapter that did not originally order income withheld; provided that the obligor is shown to have been in arrears for a time period of at least 30 days for some portion of the amount due and is currently in arrears for an

amount equal to or greater than that due for a one-month period.

*Id.* The court is only *required* to order income withholding in the three situations listed above. *See id.*

The following excerpt from the record in this case clearly indicates that the court entered the order to withhold income because it felt it was required to do so.

[THE COURT:] Now, listen, this order has got to have that automatic garnishment unless the parties agree otherwise.

You don't have to enforce it but it has to be in the order so if he gets thirty days behind it can be enforced by garnishment. That's the law.

It appears that the court ordered the withholding on the authority of section 14.05 without regard to section 14.43 which delineates when a court has a duty to do so.

■ We hold, under section 14.43, that the court was not required to enter the withholding order in this case. None of the three situations described by section 14.43 applies here. This case is not an original suit affecting the parent-child relationship. *See* TEX.FAM.CODE ANN. sec. 14.43(a)(1). The record does not indicate that appellee made a motion to require income withholding. *See* TEX.FAM.CODE ANN. sec. 14.43(a)(2). The motion to modify did not refer to an order entered after September 1, 1985, the effective date of subchapter B. *See* TEX.FAM.CODE ANN. sec. 14.43(a)(3). Finally, there is no evidence that appellant, the obligor, was in arrears for an amount equal to or greater than that due for a one-month period at the time the October, 1985 order was entered. *See* TEX.FAM.CODE ANN. sec. 14.43(a)(2) and (3). In fact, the court expressly found that appellant's child support payments were current. Appellant's point of error arguing the court erroneously believed it was required to enter an income withholding order in this case is sustained.

The trial court's judgment ordering modification is reversed and judgment is rendered for appellant. The child support order dated December 20, 1982 stands.