Braulio YANEZ, Appellant,

v.

Marvin Louis BRANCH & L.S.T. Sales, Appellees.

No. 13–86–229–CV.

Court of Appeals of Texas, Corpus Christi.

Jan. 15, 1987.

Christopher Bradshaw-Hull, Browning & Beck, Houston, for appellant.

Charles W. Seymore, Seymore & Seymore, Houston, for appellees.

## OPINION

SEERDEN, Justice.

Appellant challenges a take-nothing judgment in a personal injury case. Appellant was a passenger in a car which collided with a truck belonging to L.S.T. Sales. A jury found that the truck driver failed to back his vehicle when such movement could be made with safety and without interfering with other traffic, and that this failure was a proximate cause of the occurrence in question. However, in response to Special Issue No. 3, the jury entered "0" in each slot for the amounts of compensatory damages. We affirm the trial court's judgment.

By two points of error, appellant claims that the jury's answer of no damages is so contrary to the overwhelming weight and preponderance of the evidence as to be manifestly unjust, and that the court erred in denying his motion for new trial on that ground.

■ It was appellant's burden to prove any damages at trial. Thus, on appeal, appellant must show that he proved the facts as a matter of law, or that the evidence was so overwhelmingly in his favor that the jury's verdict was manifestly wrong. *Davis v. Snider Industries*, 604 S.W.2d 341, 346 (Tex.Civ.App.—Texarkana 1980, writ ref'd n.r.e.); *see also Hinojosa v. Castellow Chevrolet Oldsmobile, Inc.*, 678 S.W.2d 707, 713 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.).

Yanez claimed to have serious ongoing problems in his neck, low back, and legs as a result of bumping his head on the windshield of the car. The evidence included the testimony of Yanez, of the driver of the truck, and of a man who lived near the collision site. It also included various medical records, a DPS accident report, a doctor bill, and a settlement sheet from the auto insurance.

■ The jury determines the credibility of the witnesses and weighs the evidence. *Leyva v. Pacheco*, 163 Tex. 638, 358 S.W.2d 547, 549 (1962). The jury may resolve conflicts and contradictions in the evidence by believing all, part, or none of the testimony of any witness. *Harker v. Coastal Engineering, Inc.*, 672 S.W.2d 517, 520 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.). It is not necessary for one side to negate by affirmative evidence the evidence presented by the other side, and the jury may simply disbelieve such evidence. *McInnes v. Yamaha Motor Corp., U.S.A.*, 659 S.W.2d 704, 708 (Tex.App.—Corpus Christi 1983), *aff'd*, 673 S.W.2d 185 (Tex.1984), *cert. denied*, 469 U.S. 1107, 105 S.Ct. 782, 83 L.Ed.2d 777 (1985); *see LaVoie v. Kaplan*, 556 S.W.2d 641, 643 (Tex. Civ.App.—Waco 1977, no writ).

Special Issue No. 3 asked, "What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Braulio Yanez for his injuries, if any, resulting from the occurrence in question?" The jury could have found that Yanez had no compensable injury and thus was not entitled to any award. Since the jury did not return a finding of injury, we distinguish *Fuller v. Flanagan*, 468 S.W.2d 171, 178 (Tex.Civ.App.—Fort Worth 1971, writ ref'd n.r.e.) and *Gallegos v. Clegg*, 417 S.W.2d 347, 356 (Tex.Civ.App.—Corpus Christi 1967, writ ref'd n.r.e.).

The record contains testimony that appellant denied injury at the scene of the accident and initially refused medical treatment, accepting such treatment only at the urging of the investigating officer.

The emergency room medical record's only reference to injury to the head shows "vague mid occipital pain, no swelling or redness."

The jury could have believed that appellant's subsequent visits to the orthopedic surgeon were prompted by factors other than that of sustaining an injury. He also did not fill his prescriptions for pain until he had seen his attorney.

The jury could have believed that appellant was not injured in the collision or that his injuries were so insubstantial that they did not require treatment.

We do not find the jury's answer to Special Issue No. 3 to be so against the great weight and preponderance of the evidence as to be manifestly unjust, nor do we find error in the trial court's denial of the motion for a new trial. We overrule points one and two.

We AFFIRM the trial court's judgment.