Carson CRUME, Appellant,

v.

Deborah Jane CRUME, Appellee.

No. 2–88–165–CV.

Court of Appeals of Texas,
Fort Worth.

April 14, 1989.

Bruce A. Martin, Wichita Falls, for appellant.

Before WEAVER, C.J., and JOE SPURLOCK, II and KELTNER, JJ.

## OPINION

JOE SPURLOCK, II, Justice.

Appellant, Carson Crume, brings this appeal challenging the trial court's order requiring him to pay 50% of all medical expenses of his daughter not covered by insurance, and ordering wage withholding. As modified, the trial court order is affirmed.

By agreed decree entered August 13, 1982, appellant and appellee were divorced, and appellant was ordered to pay child support of $150 monthly. On April 26, 1988 appellee filed a "Motion to Modify in Suit Affecting the Parent–Child Relationship" to increase child support and to require appellant to pay a portion of his daughter's uninsured medical expenses. After a hearing, the trial court entered an order on the motion to modify which included, among others, the following paragraphs:

As additional child support, Carson Crume is ORDERED to pay 50% of all health care expenses not paid by insurance that are incurred by or on behalf of the parties' child, including, but without limitation, medical, prescription drug, psychiatric, psychological, dental, and orthodontic charges.

This provision shall not be interpreted to include expenses for psychological testing, travel to and from the health care provider, or nonprescription medication.

The decision to incur health care expenses shall be made solely by Deborah Jane Crume. Reasonableness of the charges shall be presumed upon presentation of the bill. Disallowance of the

bill by a health care insurer shall not excuse the obligation of Carson Crume to make payment.

Deborah Jane Crume is ORDERED to furnish to Carson Crume copies of all statements and bills for such health care expenses, and Carson Crume is ORDERED to pay the statement and bills within five days of receipt either by paying the health care provider directly or by reimbursing Deborah Jane Crume for any advance payment over and above her share of the expenses.

By his first point of error, appellant argues the trial court abused its discretion when it ordered appellant to pay, as additional child support, 50% of all health care expenses not paid by insurance.

Each case involving child support must stand on its own facts, and the trial court has broad discretion which will not be disturbed absent a clear abuse of discretion. *Williamson v. Williamson*, 624 S.W.2d 633, 635 (Tex.App.—Houston [14th Dist.] 1981, no writ). Appellant asserts that allowing the trial court to order the payment of health care expenses directly to the provider would be tantamount to allowing the ex-spouse to incur debt after marriage and ordering the obligor ex-spouse to pay a debt he did not incur.

The Family Code provides:

The court may order either or both parents to make periodic payments or a lump sum payment, or both, for the *support* of the child ... *in the manner and to the persons specified by the court in the decree.*[1]

*See* TEX.FAM.CODE ANN. sec. 14.05(a) (Vernon Supp.1989).

The legislature has stated that the duty to support a child includes, but is not limited to, providing with clothing, food, shelter, *medical care* and education. *See* TEX. FAM.CODE ANN. sec. 12.04(3) (Vernon 1986); *see also Ex parte Davila*, 709 S.W.2d 15, 17 (Tex.App.—Corpus Christi 1986, no writ). It has also been determined that the natural and legal duty of a parent to support his child is not a debt, but arises

from the obligation. *Ex parte Shaver*, 597 S.W.2d 498, 500 (Tex.Civ.App.—Dallas 1980, no writ).

 Appellant argues that section 14.-05 does not provide that the court may order the payment of medical expenses directly to the health care provider. We note that section 14.05 clearly states the court may order *either or both parents to make payments* for support *in the manner and to the person specified by the court.* We hold that health care providers falls within the meaning of "persons" as it is used in the context of section 14.05(a). Because we find no abuse of discretion by the trial court in ordering appellant to pay 50% of his daughter's uninsured medical expenses we overrule appellant's first point of error.

 By his second point of error, appellant asserts the trial court abused its discretion when it ordered wage withholding.

The order of the court contained the following:

IT IS ORDERED AND DECREED that any employer of Carson Crume shall be ordered to withhold from earnings for child support from the disposable earnings of Carson Crume for the support of [the child of the Crumes' marriage].

Section 14.05 of the Texas Family Code provides the authority for a court's determination of whether or not to order income withholding. *Baker v. Baker*, 719 S.W.2d 672, 676 (Tex.App.—Fort Worth 1986, no writ). *See* TEX.FAM.CODE ANN. sec. 14.-05(e) (Vernon Supp.1989) which states in part:

Except for good cause shown, or on agreement of the parties, or as provided in Subsection (f) of this section, in a proceeding in which periodic payments of child support are to be ordered or modified, the court shall order that income be withheld from the disposable earnings of the obligor to conform with the provisions of Section 14.43 of this code.

*Id.* Section 14.43 states specifically how to apply the requirements of section 14.05, *Jackson v. Crawford*, 727 S.W.2d 628, 633 (Tex.App.—Dallas, 1987, no writ), and in-

---

**1.** All emphasis in this opinion is the author's unless otherwise indicated.

structs the court to enter an order that provides that income be withheld from the disposable earnings of the obligor:

(1) in every original suit affecting the parent-child relationship in which child support payments are ordered;

(2) on motion to require income withholding regarding a child support order entered before the effective date of this subchapter; provided that at the time the motion is filed the obligor is shown to have been in arrears for a time period of at least 30 days for some portion of the amount due and in arrears for an amount equal to or greater than that due for a one-month period;

(3) on motion to modify an order entered after the effective date of this subchapter that did not originally order income withheld; provided that the obligor is shown to have been in arrears for a time period of at least 30 days for some portion of the amount due and is currently in arrears for an amount equal to or greater than that due for a one-month period; or

(4) after a hearing unsuccessfully contesting a notice of delinquency as provided by Section 14.44 of this code in a case involving the delinquency of either a child support order entered before the effective date of this subchapter or after the effective date of this subchapter that did not originally order income withheld. Payment of overdue support after re-ceipt of notice of a hearing as provided by this section shall not be the sole basis for the court to refuse to order withholding from income.

*See* TEX.FAM.CODE ANN. sec. 14.43 (Vernon Supp.1989).

The motion in this case sought modification of a support order entered prior to the effective date of subchapter B, of which section 14.43 is a part. The motion made no request for withholding. It was neither pled nor proved that appellant was in arrears for any portion of the child support payments he was obligated to pay either at the time of the hearing or at any previous time.

Because the instant case does not fall within any of the areas in which the legislature has mandated the courts to order withholding, we hold the trial court abused its discretion in so doing. Appellant's second point of error is sustained.

The order of the trial court is reformed to eliminate the requirement of mandatory withholding by appellant's employers. As reformed, the order is affirmed.