**Maria C. PENICK, Appellant,**

v.

**Robert James PENICK, Appellee.**

**No. 9686.**

Court of Appeals of Texas,
Texarkana.

Aug. 29, 1989.

Rehearing Denied Oct. 3, 1989.

Donald W. Rogers, Jr., Houston, for appellant.

Edward E. Lindsay, Houston, for appellee.

CORNELIUS, Chief Justice.

Maria Penick appeals from a district court order which reduced the child support payments required of her former husband, Robert Penick, from $750.00 monthly to $350.00 monthly. Ms. Penick contends that the order was improper because there was insufficient evidence to show the necessary material change in the parties' financial circumstances since the date of their divorce decree, and that the trial court erred in excluding from evidence a stipulation showing the value of Mr. Penick's real estate holdings at the time of the divorce. We agree and will remand the cause for a new trial.

Tex.Fam.Code Ann. § 14.08(c)(2) (Vernon Supp.1989) provides that a support order may be modified if the circumstances "of the child or a person affected by the order ... have materially and substantially changed" since the order's entry. To determine if the required change has occurred, the court must compare the financial circumstances of the children and the affected parties at the time the order was entered with their circumstances at the time the modification is sought. *Baker v. Baker*, 719 S.W.2d 672 (Tex.App.—Fort Worth 1986, no writ).

In support of his motion to modify, Robert Penick testified that (1) since the divorce he had remarried; (2) his new wife has a thyroid condition resulting in quite a few doctor bills; (3) his new wife has an eight-year-old daughter from a prior marriage who lives partly with them and partly with her grandmother in Guadalajara, Mexico; (4) his new wife receives no child support for her daughter; (5) he contributes to the daughter's support and pays for his new wife's air fare to Mexico to visit her daughter when she is with her grandmother; (6) his new wife is not gainfully employed; (7) his income for 1986 was $14,921.00; (8) in 1987, his income decreased to $13,685.23; (9) vacancies have increased in his rental property; (10) a water leak in one apartment resulted in an $800.00 water bill; (11) maintenance costs for the properties have increased and several rental houses need new roofs; (12) his property depreciation deduction has decreased; (13) he is anticipating a ten percent increase in city taxes; (14) due to the real estate market, the total value of his property has decreased by one third between the date of his divorce and the date of his motion to modify child support; (15) he has no offers from prospective buyers for any of his real estate holdings.

The trial court filed the following findings in support of its reduction of the child support payments: (1) the amount of net resources available to Mr. Penick per month is $1,140.00; (2) the amount of net resources available to Mrs. Penick is $1,718.60, plus $300.00, plus $140.00, for a total of $2,158.60; (3) the percentage applied under Tex.Fam.Code Ann. § 14.05, Child Support Guidelines, Rule 5 (Vernon Supp.1989), is 24%–28% of obligor's net resources; (4) the amount of support per month computed by applying Rule 5 of these guidelines is $268.60–$319.29; (5) the reasons that the amount of support per month ordered by the court varies from the amount computed by applying the percentage guidelines pursuant to Rule 5 are the income of the parties and the needs of the children.

A careful review of the record reveals that the court's findings are not supported by the evidence. There is no evidence whatsoever of the circumstances of the Penick children, either at the time of the original order or now, and there is insufficient evidence that there has been a material and substantial change in either Mr. or Mrs. Penick's financial circumstances.

Mr. Penick made only conclusory and self-serving statements that his income had decreased and that his expenses had increased since the time of the divorce. *See*

*Cornell v. Cornell,* 570 S.W.2d 22 (Tex.Civ. App.–San Antonio 1978, no writ). The specific evidence shows otherwise, however. For example, contrary to Mr. Penick's testimony, his *admitted income* at the time of the modification hearing, as shown by his financial statement and income tax return, was $16,077.04, an *increase* of some $1,156.00 over his stated income at the time of the initial support order.[1] Additionally, the undisputed evidence shows that Mr. Penick owns fifty-two separate parcels of rental real estate in Houston. Only three of those units were vacant at the time of the modification hearing and the properties produce approximately $8,000.00 per month in rental income when they are fully occupied. Mr. Penick lives in one unit rent free. The aggregate value of his real estate, even if it has reduced one third in value as he estimated, is $506,785.63, which does not include his personal property. Moreover, since the divorce Mr. Penick has acquired one new piece of real estate, costing $23,000.00 and for which he now pays $150.00 per month.

Mr. Penick testified that he had substantial expenses in connection with his real estate holdings, but he refused to produce any documentation of those expenses, although he admitted that he did possess records on most of them.

■ There is clearly no evidence that the children's circumstances have changed. There is insufficient evidence to justify a conclusion that Mr. Penick's circumstances have changed at all, much less materially and substantially. The trial court found that Mrs. Penick's circumstances have changed, but the record does not support a conclusion that they have changed substan-

tially. At the time of the divorce, she was earning approximately $1,300.00 per month as a legal secretary. She received a $200.00 per month raise since the divorce. She also receives $140.00 per month from her mother-in-law[2] to pay school tuition for the children, and she receives $300.00 per month as her part of the divorce property settlement.[3] According to her financial statement and her testimony, her expenses equal or exceed her income.

■ As noted earlier, Mr. Penick testified that his expenses had increased since the divorce because he had remarried, his wife had medical problems, and she has an eight-year-old daughter by a previous marriage whom he helps support. He also testified that he pays his wife's expenses to travel to and from Mexico to visit her daughter when she stays in Mexico with her grandmother. Economic hardship resulting from a remarriage may not be allowed to militate against the support provided for the children of the earlier marriage. *Gully v. Gully,* 111 Tex. 233, 231 S.W. 97 (1921); *Baker v. Baker,* supra.

There is insufficient evidence to show a material and substantial change in the circumstances of the children or the parents sufficient to justify a modification of the support order.

Mrs. Penick offered in evidence a stipulation used in the divorce action showing the real estate owned by Mr. Penick, its values and the expenses of maintaining it. The court did not take judicial notice of the prior evidence, and did not allow it in evidence, ruling that it was not admissible. In this ruling the court erred.

1. This is excluding depreciation on his real estate, which is a "paper loss." Depreciation may not be considered in determining net income for purposes of child support. Tex.Fam.Code Ann. § 14.05, Child Support Guidelines, Rule 3(b) (Vernon Supp.1989). The trial court here did consider it, however. There is no indication in the record whether depreciation was considered in determining Mr. Penick's income at the time of the divorce.

2. Child support received by a party, *from any source,* cannot be considered in determining that party's net resources. The trial court here did consider this amount as income to Mrs. Penick. If it is child support, it was error to

consider it. Texas Child Support Guidelines, Rule 3(b). If it is not child support, it still should not be considered in calculating Mrs. Penick's net resources because her mother-in-law has no obligation to make such a gift and there is no assurance that she will continue to do so.

3. This $300.00 per month which Mrs. Penick receives as part of the divorce property settlement was known to the judge at the time he entered the initial child support order. Therefore, it cannot represent a change in conditions from the last judgment. It amounts to no more than payment for her ownership of property that she owned at the time of the divorce.

Mr. Penick relied heavily on his assertions that his property had decreased in value since the divorce. In order to determine if and to what extent there was such a reduction, as well as its effect on the parties' circumstances, it is necessary that the values at the time of the divorce be shown. It is proper to take into consideration the value of a party's property, even though it is not producing income, because the party may be required to dispose of assets in order to meet his support obligations. *Labowitz v. Labowitz,* 542 S.W.2d 922 (Tex.Civ.App.–Dallas 1976, no writ).

For the reasons stated, the judgment is reversed and the cause is remanded for a new trial.

BLEIL, Justice, dissenting.

The majority's decision, that insufficient evidence exists to support the trial court's finding, is final and is perhaps of only slight significance to anyone other than the parties in this case. Tex.Const. art. V, § 6 makes our decision conclusive on the factual issue decided. *See, e.g., Meshwert v. Meshwert,* 549 S.W.2d 383 (Tex.1977); *Williams v. Williams,* 160 Tex. 99, 325 S.W.2d 682 (1959). Nonetheless, just because what we do today may be final, does not give us license to do whatever we

choose and does not necessarily make what we do right.

The majority's opinion, though carefully drafted and detailed, evinces a certain willingness to depart from traditional rules. My concerns are (1) the majority's emphasis upon the nonissue of the "circumstances of the children"; (2) its casual discounting of Robert Penick's testimony; and (3) its curious means of "fact finding" that despite the testimony and the documentary evidence, Robert Penick had an increased income when the trial court found that it had decreased.

### Circumstances of the Children

The majority's frequent statement that no evidence shows that the circumstances of the children have changed is perplexing. No one made this claim at trial or on appeal. Clearly, this point should not be a significant basis for the majority's decision. The majority's accent on this nonissue foretells its flawed decision. Robert Penick sought to show that his and Maria Penick's financial circumstances—concerning income and obligations—had changed.[1] The court found those assertions to be true.[2]

### Robert Penick's Testimony

In proving parties' financial circumstances in proceedings like these, frequently

---

1. Tex.Fam.Code Ann. § 14.08(c) (Vernon Supp. 1989) deals with the modification of an order or a decree which provides for support and conservatorship of a child. Section 14.08(c)(2) is that section germane to the proceeding which was brought in the lower court. It provides that the court may modify an order or portion of a decree that: "provides for the support of a child if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially and substantially changed since the date of its rendition, except that a support order may be modified only as to obligations accruing subsequent to the motion to modify." Section 14.08(c)(1) deals with modification concerning conservatorship and Section 14.08(c)(3) deals with modification of a decree concerning rights of access and possession. It is only Section 14.08(c)(2) which is germane to our decision. It indicates that support of a child may be changed in two instances: (1) when the circumstances of the child have changed (for example, in the case of increased financial needs due to illness, educational requirements or other special matters); or (2) when the circumstances of the other persons

affected by the order have materially and substantially changed since the order's entry. This suit was brought explicitly on the basis of changed financial circumstances with regard to Robert and Maria Penick.

2. Ordinarily, when we pass on the factual sufficiency of the evidence, we consider and weigh all the evidence and set aside a finding only if it is so contrary to the overwhelming weight of the evidence as to be wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). For years we have routinely said that if there is any evidence of probative force to support the findings, we must uphold them on appeal. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951). Some of the evidence before the trial court was the following: since the divorce Robert Penick had remarried; his present wife has a medical condition resulting in extensive medical bills; he has a young stepchild for whom no child support is paid; he assists his wife in supporting that child; his wife is not employed; his 1986 income was $14,921.00, which has decreased to $13,600.00; his assets used as rental properties have decreased in value approximately one-

most of the evidence comes from the parties themselves. The factfinder—here the trial court—has the uniquely difficult task of deciding facts. We do not have that task. Usually we say that the factfinder judges the credibility of the witnesses and the weight to be given their testimony. *See Yanez v. Branch,* 725 S.W.2d 343 (Tex. App.–Corpus Christi 1987, no writ). We also generally say that a court of appeals is not in a position to second-guess a trial court which saw and heard, live, all witnesses at trial on a motion to modify provisions of the divorce decree. *See Dunker v. Dunker,* 659 S.W.2d 106 (Tex.App.–Houston [14th Dist.] 1983, no writ); *Carpenter v. White,* 624 S.W.2d 618 (Tex.App.–Houston [14th Dist.] 1981, no writ). And we say that, as a general rule, the factfinder may make reasonable inferences and deductions from direct and circumstantial evidence. *Jim Walter Homes, Inc. v. Gonzalez,* 686 S.W.2d 715, 718 (Tex.App.–San Antonio 1985, writ dism'd); *see also Danny Darby Real Estate, Inc. v. Jacobs,* 760 S.W.2d 711, 715 (Tex.App.–Dallas 1988, writ denied).

Today the majority casts aside these traditional rules of appellate review while characterizing Robert Penick's testimony as containing "self-serving statements." Were this a basis for disregarding facts found in the trial court, we would routinely be required to reverse domestic relations cases, which many times have only evidence furnished by the parties.

*Robert Penick's "Increased" Earnings*

Although choosing to discredit much of Robert Penick's testimony, the majority picks some to credit and some to ignore.

For instance, it accepts fully Robert Penick's *"admitted income"* of $16,077.00. (Majority opinion page 410). Thus, by adding back the depreciation to his stated income at the time of the hearing and comparing it with the income—without "adding back" depreciation—at the time of divorce, the majority finds an increase in Robert Penick's earnings. An appellate court should not assume that the trial court acted irrationally. There was evidence of Robert Penick's decreased earnings. The trial court found that as a fact and we should not assume that the trial court did not allow depreciation on rental property at the time of divorce, but did allow it one year later, when that assumption is inconsistent with the trial court's finding of decreased earnings.[3] This implies facts in a manner inconsistent with the facts specifically found by the trial court. There was no finding of fact on whether Robert Penick's net income at the time of divorce was before or after depreciation, nor was any such finding requested. Thus any omitted, unrequested finding should be presumed in support of the judgment. *Bolli v. Prewitt,* 561 S.W.2d 917 (Tex.Civ.App.–San Antonio 1978, no writ). The majority—citing no authority—adopts the reverse proposition, however. And, the majority chooses to ignore a generally accepted premise that when the evidence is conflicting, we should not substitute our judgment for that of the trial court. *Norris of Houston, Inc. v. Gafas,* 562 S.W.2d 894 (Tex.Civ.App.–Houston [1st Dist.] 1978, writ ref'd n.r.e.).

Ordinarily, in disagreeing with the majority about whether sufficient evidence ex-

---

third; and he anticipates an increase in taxes and expenses on those properties to accompany the increased vacancies he has already experienced. In addition to this evidence given in the form of testimony by Robert Penick, his financial statement was introduced showing his monthly income to be $1,140.00; his statement of expenses showed that his expenses, before child support was paid, consumed all but $99.00 per month of his income. Maria Penick testified that she earned $2,000.00 per month as a legal secretary; that she recently received a raise of $200.00 per month; that her former

mother-in-law had not required her to pay rent for the last three months and had furnished $140.00 per month for the children's school tuition. Additionally, Maria Penick receives some cash from Robert Penick in satisfaction of the community property settlement division.

3. It is further inconsistent with the trial court's finding of fact in the divorce proceedings that the parties benefited "by use of the depreciation of" Robert Penick's "separate estate to reduce the community estate tax liability."

ists, I would simply say that, "I disagree because I find sufficient evidence to support the trial court's findings." Merely an expression of disagreement is not sufficient, however, in light of the reasons stated for the majority's decision.